# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| BENIHANA OF TOKYO, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: |
| | ) |
| BENIHANA INC., | ) |
| | ) |
| and | ) |
| | ) |
| NOODLE TIME, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff BENIHANA OF TOKYO, INC. hereby alleges as follows:

1. Plaintiff Benihana of Tokyo, Inc. (hereinafter referred to as "BOT") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 645 Fifth Avenue, New York, NY 10022.

2. Plaintiff is informed and believes and based thereon alleges that Defendant Benihana Inc. (hereinafter referred to as "BI") is a Delaware corporation with a principal place of business at 8685 Northwest 53rd Terrace, Miami, Florida 33166.

3. Plaintiff is informed and believes and based thereon alleges that Defendant Noodle Time, Inc. (hereinafter referred to as "Noodle Time") is a Florida corporation with a principal place of business at 8685 NW 53rd Terrace Miami, Florida 33166. Noodle Time is a subsidiary of BI.

## JURISDICTION

4.   Jurisdiction over this action is founded upon 28 U.S.C. § 1331, 1332 and 1338 because the Complaint raises a federal question, the Complaint asserts a cause of action under the federal Trademark Act, and because the Plaintiff and Defendants are citizens of different states.  There is complete diversity between the Plaintiff and Defendants.  The amount in controversy is in excess of $75,000.00.

5.   Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.   BOT was founded by Rocky Aoki in 1963.  It owns and operates Benihana restaurants in certain territories outside the continental United States and owns intellectual property interests in the Benihana name, trademark and service mark, including but not limited to BENIHANA (hereinafter the "BENIHANA Trademark"), and other intellectual property used in the operation of Benihana restaurants.

7.   Upon information and belief, BI owns and operates or franchises several restaurants which are located inside the continental United States, in Central America, South America and in the islands of the Caribbean Sea, and which operate under the BENIHANA Trademark.  Upon information and belief, said restaurants are licensed by Noodle Time to use the BENIHANA Trademark.

8.   BOT and BI are parties to a contract titled "Amended and Restated Agreement and Plan of Reorganization," which was dated as of December 29, 1994 and amended as of March 17, 1995 (hereinafter referred to as the "ARA").

9.   The ARA sets forth terms and conditions of a business relationship between BOT

and BI, including with regard to the BENIHANA Trademark.

10. The ARA in Subsection 1.01(d) defines "Territory" as "the United States (including its territories and possessions), Central America, South America and the islands of the Caribbean Sea."

11. The ARA provides in Section 7.10:

> **Section 7.10 <u>Trademarks</u>**. Each of BOT and Benihana acknowledge that, from and after the Effective Time, Benihana will own the Trademarks in the Territory and BOT will continue to own the Trademarks outside of the Territory. Accordingly, each of BOT and Benihana agree that, without the prior written consent of the other, neither will make any use of the Trademarks which could reasonably be expected to reduce the value or usefulness of the Trademarks to the other party. In addition, each of BOT and Benihana shall be responsible for the proper registration and maintenance of the Trademarks and the prosecution of infringements or potential infringements of the Trademarks in the territories where such party has an interest in the Trademarks. Each of BOT and Benihana agrees to notify the other promptly of any infringement or potential infringement of the Trademarks of which such party becomes aware and to cooperate with the other party in any action taken to prosecute any such infringement. The obligations of this Section shall survive the Closing for an indefinite period.

12. The ARA provides that BOT will own the BENIHANA Trademark outside of the defined Territory.

13. The ARA prohibits BI from making any use of the BENIHANA Trademark which could reasonably be expected to reduce the value of said BENIHANA Trademark to BOT, without BOT's consent.

14. The ARA further provides that the filing of applications to register the BENIHANA Trademark in the geographic territory outside of the United States, Central America, South America and the islands of the Caribbean Sea is a right reserved to BOT.

15. Upon information and belief, on or about April 23, 2010, BI, through its

subsidiary Noodle Time, initiated with the World Intellectual Property Organization (hereinafter "WIPO"), an application for international registration of the BENIHANA Trademark. Said application was assigned by WIPO International Registration No. 1048205.

16. The application filed with WIPO seeks to register the BENIHANA Trademark in the name of "Noodle Time Inc." in several countries outside of the United States, Central America, South America and the islands of the Caribbean Sea, including Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia.

17. In applying with WIPO for registration of the BENIHANA Trademark in these countries, Defendants falsely asserted to be acting on behalf of "Benihana of Tokyo, Inc."

18. In applying with WIPO for registration of the BENIHANA Trademark in Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia, Defendants falsely suggested and asserted that it is was the owner of the BENIHANA Trademark in these countries.

19. The application filed with WIPO was filed without the consent of BOT.

20. Section 1.01 of the ARA further provides:

> Section 1.01 <u>The Transfer</u>. Subject to the terms and conditions hereof at the Effective Time (as defined in Section 2.02), BOT agrees to sell, transfer and assign to Benihana (or to a wholly-owned subsidiary of Benihana designated by Benihana), all of BOT's right, title and interest in and to all assets (the "Assets") of BOT specifically related to the Restaurants (as hereinafter defined), including, without limitation, the following:
>
>   (a) all chattels, fixtures, equipment and other personal property (the "Chattels") owned by BOT and used in the operation of each of the "Benihana of Tokyo" restaurants listed on Schedule A hereto (the "Restaurants");
>
>   (b) all leasehold interests or other interests in real property owned or used by BOT in respect of the Restaurants;

(c) all liquor licenses and other permits and licenses used in the operation of the Restaurants which are transferable in accordance with applicable laws and regulations;

(d) each of the trademarks and servicemarks (the "Trademarks") listed on Schedule 1.01(d) to the extent applicable to the United States (including its territories and possessions), Central America, South America and the islands of the Caribbean Sea (the "Territory"), including all goodwill related thereto;

(e) cash and accounts receivable related to the Restaurants;

(f) the inventory of closed packages of food and beverages located at the Restaurants or centrally stored or on order for the Restaurants, subject to compliance with all applicable laws and regulations; and

(g) each of the license agreements set forth on Schedule 1.01(g) hereto and all rights related thereto.

Subject only to the representations and warranties of BOT contained herein, the Assets are to be assigned by BOT and acquired by Benihana on an "as is" basis as of the Effective Time. The business conducted by BOT through the Restaurants is hereinafter referred to as the "Business."

21. The term "Assets" as used in Section 1.01 of the ARA does not include intellectual property other than the Trademarks as defined in the ARA and listed on Schedule 1.01(d) thereto.

22. A purported "Assignment of Trademarks," dated May 15, 1995 (hereinafter "1995 Assignment") and signed by Taka Yoshimoto, who was identified as an Executive Vice President of BOT, which purported to assign specified trademarks and service marks was recorded in the United States Patent and Trademark Office (hereinafter "USPTO") on June 21,1995.

23. Upon information and belief, Mr. Yoshimoto was not empowered to sign that 1995 Assignment, because he was not an Executive Vice President of BOT and was at the same

time an agent of BI.

24. A purported "United States Assignment," dated July 31, 1998 (hereinafter "1998 Assignment") and signed by Joel A. Schwartz, who was identified as President of Benihana National Corp., which purported to assign specified trademarks and service marks was recorded in the USPTO on August 24, 1998.

25. Upon information and belief, Mr. Schwartz executed the 1998 Assignment under the direction of Darwin Dornbush (hereinafter "Dornbush").

26. Upon information and belief, at the time that the ARA was negotiated and executed, Dornbush was an attorney for, and owed a duty of loyalty to, Rocky Aoki and BOT.

27. Upon information and belief, and unbeknownst to BOT and Rocky Aoki, Dornbush has acted with an impermissible conflict of interest with respect to matters relating to BOT, including its assets and its control.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

28. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

29. Defendants have breached the ARA by using the BENIHANA Trademark and claiming ownership thereof in geographic territories reserved exclusively to BOT, including Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia.

30. The aforesaid acts of Defendants have reduced the value and usefulness to BOT of the BENIHANA Trademark in breach of the ARA.

31. As a direct result of the breach of contract by Defendants, BOT has been damaged

and continues to be damaged in an amount not yet fully ascertainable but that will be determined at trial.

## SECOND CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

32. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

33. Defendants have breached the ARA by seeking to register BENIHANA as its exclusive mark in countries of Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia in breach of the contractual prohibition against doing so.

34. The ARA provides in Section 10.10 that irreparable damage would occur in the event that the provisions of the ARA are not performed in accordance with its terms, and that the parties shall be entitled to specific performance of the terms of the ARA in addition to any other remedy at law or equity.

35. Upon information and belief, unless or until this court grants an order for specific performance requiring Defendants to assign and return to BOT the trademark rights in Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia, Defendants will continue to assert ownership thereof.

## THIRD CAUSE OF ACTION
## (CONVERSION)

36. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

37. Upon information and belief, Defendants have converted to their ownership title to the BENIHANA Trademark in at least the countries of Iceland, Iran, Monaco, Singapore,

Ukraine, Vietnam and Zambia and thereby threatened use of the BENIHANA Trademark in their own name.

38. Unless or until this court grants an order requiring Defendants to return these trademark rights to BOT, Plaintiff is informed and believes and based thereon alleges that Defendants will not return said trademark rights.

**FOURTH CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN)**

39. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

40. In seeking to register the BENIHANA Trademark in the countries of Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia, BI has falsely claimed to be acting on behalf of "Benihana of Tokyo, Inc."

41. "Benihana of Tokyo, Inc." is a corporate and trade name owned exclusively by BOT.

42. Use by BI of the corporate and trade name "Benihana of Tokyo, Inc." falsely suggests that Defendants are acting with the authorization of BOT, and that the applications for registration of the BENIHANA Trademark in the countries of Iceland, Monaco, Singapore, Ukraine, Vietnam and Zambia were made on behalf of BOT, or with the consent of BOT.

43. The assertion by Defendants of ownership of the BENIHANA Trademark in the counties of Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia is a false claim of ownership and a false designation of origin in violation of 15 U.S.C. § 1125(a).

44. In marketing its services, Defendants advertise that they have "Locations

throughout the United States, Latin America and the Caribbean."

45. Defendants' advertising falsely suggests that Defendants have the right to operate BENIHANA restaurants throughout Latin America.

46. Rights in the mark BENIHANA in Mexico are reserved exclusively to BOT because Mexico is located in North America. BOT is owner of Mexico trademark registration No. 888138 for the BENIHANA Trademark for restaurant services.

47. Mexico is considered to be part of the geographic area known as Latin America. Therefore, Defendants do not have rights to utilize the BENIHANA Trademark throughout Latin America.

48. Defendants' aforesaid statements constitute false designations in violation of 15 U.S.C. § 1125(a).

49. Upon information and belief, the false designations made by Defendants were willful and intentional.

50. As a direct result of the false designations by Defendants, BOT has been damaged and continues to be damaged in an amount not yet fully ascertainable but that will be determined at trial.

**FIFTH CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT)**

51. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

52. This is a claim for trademark infringement over which this court has supplemental or pendant jurisdiction, and which is related to the aforesaid causes of action.

53. BOT is the owner of Singapore Trademark No. 8858/91which confers on BOT the exclusive right to the BENIHANA Trademark for restaurant services in Singapore. This trademark registration is in full force and effect.

54. BOT is the owner of Vietnam Trademark No. 23577 which confers on BOT the exclusive right to the BENIHANA Trademark in Vietnam. This trademark registration is in full force and effect.

55. Upon information and belief, Defendants applied to register the BENIHANA Trademark in Singapore and Vietnam for restaurant services and have thereby threatened use of BOT's registered marks in Singapore and Vietnam, which constitutes trademark infringement under the national laws of Singapore and Vietnam.

56. Defendants are well aware of BOT's trademark rights and agreed by way of the ARA contract not to use BOT's trademarks outside of the United States, Central America, South America and the islands of the Caribbean Sea without the consent of BOT.

57. Upon information and belief, Defendants will infringe BOT's registered trademark to the irreparable injury of BOT to which BOT has no adequate remedy of law unless Defendants are enjoined by this court from doing so.

58. Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to BOT in an amount not capable of calculation, and unless restrained, will cause further irreparable injury leaving BOT with no adequate remedy at law. Accordingly, BOT respectfully requests the court issue a preliminary and permanent injunction against Defendants' continued actions to seek ownership and use of the BENIHANA Trademark outside of the United States, Central America, South America and the islands of the Caribbean

Sea.

59. Upon information and belief, Defendants have knowingly and willfully engaged in the acts complained of with malice, and in conscious disregard of the rights of BOT. BOT is therefore entitled to the maximum damages allowable by law.

## SIXTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

60. Plaintiff refers to and realleges Paragraphs 1 through 27 above as though fully set forth at this point.

61. The parties have differing beliefs as to the meaning of the word "Assets" as used in Section 1.01 of the ARA.

62. BOT's belief is that the transferred Assets include intellectual property only to the extent that they constitute trademarks and service marks listed on Schedule 1.01(d) of the ARA, to the extent applicable to the defined Territory.

WHEREFORE, Plaintiff BOT prays as follows:

1. That Plaintiff BOT be awarded compensatory damages in the amount to be determined according to proof at trial for Defendants' breach of contract, false designations of origin and infringement of trade name and trademark rights;

2. For a judgment declaring that BOT is the exclusive owner of trademark rights in the BENIHANA Trademark outside of the United States, Central America, South America and the islands of the Caribbean Sea;

3. For a judgment declaring that BOT is the exclusive owner of the trade name "Benihana of Tokyo, Inc.";

4. For a judgment declaring that the only intellectual property transferred by the

       ARA was the trademarks and service marks listed on Schedule 1.01(d) of the ARA, to the extent applicable to the defined Territory, and the goodwill associated therewith;

5. That Defendants' be jointly and severally adjudicated to have infringed BOT's Trademark Registrations in Singapore and Vietnam.

6. That Defendants be enjoined and restrained during the pendency of this action and permanently thereafter from using or registering the BENIHANA Trademark outside of the United States, Central America, South America and the islands of the Caribbean Sea;

7. That Defendants be enjoined and restrained during the pendency of this action and permanently thereafter from using the trade name or corporate name "Benihana of Tokyo, Inc.";

8. That Defendants be enjoined and restrained during the pendency of this action and permanently thereafter from claiming that they are operating or have the right to operate locations throughout Latin America;

9. That the court order Defendants to account to Plaintiff for all gains profits, and advantages derived by their false designations of origin and their mis-use and infringement of BOT's trademark rights;

10. For an award of reasonable costs, expenses and attorneys fees; and

11. For further relief as the court may deem just and proper.

/s/ Mark R. Owens
David M. Powlen (DE No. 4978)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone (302) 888-4536
Electronic Mail:  david.powlen@btlaw.com


Mark R. Owens (DE No. 4364)
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433

1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone (302) 888-4536
Electronic Mail:  mark.owens@btlaw.com


James R. Burdett, Esq.
Joseph D. Lewis, Esq.
*Motions for admission pro hac vice pending*
BARNES & THORNBURG, LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone (202) 289-1313
Facsimile   (202)289)-1330
Electronic Mail: jim.burdett@btlaw.com

*Attorneys for Benihana of Tokyo, Inc.*