# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| BENIHANA OF TOKYO, INC. )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>BENIHANA INC., )<br>)<br>  and )<br>)<br>NOODLE TIME, INC., )<br>)<br>      Defendants. ) | CIVIL ACTION NO: 1:10-cv-01051-UNA |

## PLAINTIFF BENIHANA OF TOKOYO, INC.'S BRIEF IN SUPPORT OF
## MOTION TO EXCLUDE AND/OR STRIKE AND FOR EXTENSION OF TIME

David M. Powlen (DE No. 4978)  
BARNES & THORNBURG LLP  
1000 North West Street, Suite 1200  
Wilmington, Delaware 19801  
Telephone (302) 888-4536  
Electronic Mail: david.powlen@btlaw.com  

Mark R. Owens (DE No. 4364)  
BARNES & THORNBURG LLP  
11 S. Meridian Street  
Indianapolis, IN 46204  
Telephone (317) 236-1313  
Facsimile (317) 231-7433  

1000 North West Street, Suite 1200  
Wilmington, Delaware 19801  
Telephone (302) 888-4536  
Electronic Mail: mark.owens@btlaw.com  

James R. Burdett, Esq.  
Joseph D. Lewis, Esq.  
BARNES & THORNBURG, LLP  
750 17th Street, NW, Suite 900  
Washington, D.C. 20006  
Telephone (202) 289-1313  
Facsimile   (202)289)-1330  
Electronic Mail: jim.burdett@btlaw.com  

*Attorneys for Benihana of Tokyo, Inc.*

February 18, 2011

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ................................................................................ 1

SUMMARY OF ARGUMENT ...................................................................................................... 1

AVERMENT OF COUNSEL UNDER LOCAL RULE 7.1.1 ....................................................... 2

STATEMENT OF FACTS ............................................................................................................. 3

APPLICABLE LEGAL STANDARDS ........................................................................................ 4

ARGUMENT ................................................................................................................................. 5

    A.    The Court Should Exclude Defendants' Extraneous Submissions And Assess The Sufficiency Of BOT's Claims Pursuant To Rule 12(b)(6) ............................................................................................................. 5

    B.    The Court Should Exclude Exhibits 3, 4, 6, And 7 Of Defendants' Motion To Dismiss Because They Are Not Integral To BOT's Complaint .................................................................................................................. 6

    C.    The Court Should Exclude Exhibit 2 Because It Is Not Referred To In The Amended Complaint ..................................................................................... 10

    D.    The Court Should Strike Defendants' Statement Of Facts Because It Presents Facts And Assertions That Are Not In The Amended Complaint ...................................................................................................................... 11

    E.    BOT Requests A Continuance Of The Deadline To Respond To Defendants' Motion To Dismiss ....................................................................... 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**CASES**

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ......................4, 10

*G.I. Home Developing Corp. v. Weis*, 07-C 2009 U.S. Dist. LEXIS 29345 (E.D.N.Y March 31, 2009) ........................................................................................5

*Green v. First Correctional Med.*, 430 F. Supp. 2d 383 (D. Del. 2006) ............................8

*Jozwiak v. Stryker Corp.*, 6:09-cv-19850Orl-19GJK, 2010 U.S. Dist. LEXIS 17221 (M.D. Fl. February 26, 2010)...............................................................................5

*McGuigan v. Conte*, 629 F. Supp. 2d 76 (D. Mass. 2009)...................................................5

*Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 3:09-CV-644-S, 2010 U.S. Dist. LEXIS 74989 (W.D. Ky. July 23, 2010).........................................................5

*Retzlaff v. Horace Mann Ins.*, ___ F. Supp. 2d ___, 2010 WL 3700200 (D. Del. 2010) ......................................................................................................4, 6, 11

*In re: Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280 (3d Cir. 1999) ............4, 6, 10

*Sec. & Exch. Commission v. Kueng*, 09 Civ. 8763, 2010 U.S. Dist. LEXIS 77753 (S.D.N.Y. July 30, 2010) ........................................................................................4

*Tarazi v. Stemberger*, 2:10-CV-793, 2010 U.S. Dist. LEXIS 127102 (S.D. Ohio Dec. 1, 2010).........................................................................................................12

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(6)................................................................................................ *passim*

Fed. R. Civ. P. 12(d) ..............................................................................................................6

Fed. R. Civ. P. 56(d) ..............................................................................................................6

**MISCELLANEOUS AUTHORITIES**

James W. Moore *et al.*, Moore's Federal Practice, § 12.34[4][b] at 99-100 (3d ed. 1997) .......................................................................................................................8

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Benihana of Tokyo, Inc. ("BOT") filed an Amended Complaint asserting claims against Defendants Benihana Inc. ("BI") and Noodle Time, Inc. ("Noodle Time") for breach of contract, specific performance, conversion, false designation of origin, false advertising, trademark infringement, and seeking a declaratory judgment to resolve a contract interpretation dispute. In response, Defendants filed a motion to dismiss, requesting that this Court dismiss each of BOT's claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendants did not limit their motion to arguments about the sufficiency of the Amended Complaint itself. Instead, they presented numerous exhibits and factual allegations that are extraneous to the Amended Complaint. BOT therefore submits this motion to exclude Defendants' Exhibits 2, 3, 4, 6, and 7, to strike Defendants' Statement of Facts, and for a continuance of the deadline for BOT's response to Defendants' Motion to Dismiss until the scope of the exhibits to be considered is determined by the Court.

## SUMMARY OF ARGUMENT

1.      BOT requests that the Court exclude Exhibits 3, 4, 6, and 7 of the Gamble Declaration.[1] Each of these exhibits goes beyond the scope of the allegations in the Amended Complaint and should, therefore, be excluded. Three of these exhibits (Exhibits 3, 6, and 7) set forth facts and circumstances that occurred *after* the Amended Complaint was filed! These documents were created by opposing counsel *in direct response to* the allegations stated in the Amended Complaint. Therefore, these documents cannot possibly have any bearing on the

---

[1] Exhibit 1 of the Gamble Declaration is a copy of the "ARA" agreement referenced in the Amended Complaint (e.g., D.I. 6 at ¶¶ 8-14) and, thus may be considered by the Court in connection with a Motion to Dismiss. Exhibit 5 is the public record of the International Trademark Registration which was referred to in the Amended Complaint (*id.* at ¶¶ 15-19) and, thus, may be considered.

sufficiency of the Amended Complaint as filed, and should be excluded from consideration by the Court when deciding a motion under Rule 12(b)(6) to test the sufficiency of the Amended Complaint.

2.     BOT also requests that the Court exclude Exhibit 2 of the Gamble Declaration. Exhibit 2 is an unsigned document that is not referred to in BOT's Amended Complaint. BOT's Amended Complaint refers to an executed trademark assignment and Exhibit 2 is not that document. Exhibit 2 should therefore not be considered by the Court on Defendants' Motion to Dismiss.

3.     In addition, BOT requests that the Court strike Defendants' entire Statement of Facts (D.I. 12 at 2-4) because the statement is devoid of any cites to the Amended Complaint. Defendants have attempted to interject irrelevant matters that have no support in the record and that have no bearing on the sufficiency of the Complaint. Such extraneous and unsupported facts have no place in a motion under Rule 12(b)(6). The factual allegations in BOT's Amended Complaint are controlling and the Court must view those allegations in the light most favorable to BOT.

4.     Finally, BOT requests that the Court continue the deadline for BOT's response to Defendants' Motion to Dismiss until fourteen (14) days after the Court rules on BOT's Motion to Exclude and/or Strike. A continuance of this deadline will allow the Court to determine the appropriate scope of the record on which Defendants' Motion to Dismiss will be decided so that BOT may respond accordingly. A continuance will not unduly delay any proceeding in this case or prejudice either party.

### AVERMENT OF COUNSEL UNDER LOCAL RULE 7.1.1

The undersigned counsel hereby avers that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in this motion. The opposing party

indicated that it opposes the Motion to Exclude and/or Strike and that it takes no position with regard to the Plaintiff's request to adjust the briefing schedule on the Motion to Dismiss, pending resolution of the Motion to Exclude and/or Strike.

## **STATEMENT OF FACTS**

Plaintiff Benihana of Tokyo, Inc. ("BOT") filed its Amended Complaint on December 7, 2010. (D.I. 6.) BOT's claims arose from Defendants' use of "BENIHANA" and "Benihana of Tokyo, Inc." in violation of the terms of a series of agreements between BOT and BI, in violation of BOT's trademark rights, and from advertising statements made by BI. (D.I. 6.) In response, Defendants filed a motion to dismiss, and in support of that motion, Defendants presented the declaration of their attorney, Janet Moreira Gamble (the "Gamble Declaration"). (D.I. 13.) The Gamble Declaration includes seven exhibits, five of which are at issue in this motion—Exhibits 2, 3, 4, 6, and 7.

Exhibit 2 is an unexecuted "Assignment of Trademarks" between BI and Benihana National Corporation. (D.I. 13-2 1-6.) Defendants describe this Exhibit 2 as "a true and correct copy of the Assignment of Trademarks dated May 15, 1995 by and between Benihana of Tokyo, Inc. and Benihana National Corp." (D.I. 13 at 2.)

Exhibit 3 is a purported copy of a Request for the Recording of a Renunciation for International Registration No. 1045805 and a purported filing receipt. (D.I. 13-2 at 7.) The documents are dated February 2 and 4, 2011—just days before Defendants filed their Motion to Dismiss, and nearly two months after the Amended Complaint was filed.

Exhibit 4 is a copy of United States Trademark Registration No. 940,142 for the mark BENIHANA OF TOKYO for "restaurant services" and the trademark assignment details recorded with the United States Patent and Trademark Office (USPTO). (D.I. 13-2 at 12.)

Exhibit 6 is a copy of information purportedly reproduced by Defendants from the

3

USPTO's Trademark Electronic Search System's records for United States Trademark Registration No. 1230609 and a copy of Trademark Assignment Abstract of Title for the same registration. (D.I. 13-3 at 4.) Exhibit 6 includes the recordation of an assignment from Benihana National Corporation to Noodle Time, Inc. that was recently recorded by the USPTO on January 28, 2011. (D.I. 13-3 at 8 (Assignment 5).)

Exhibit 7 is a purported copy of a notice of corrective assignment filed with the USPTO. (D.I. 13-3 at 9.) This corrective assignment was also filed on January 28, 2011. (D.I. 13-3 at 10.)

## APPLICABLE LEGAL STANDARDS

"The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case." *Retzlaff v. Horace Mann Ins.*, ___ F. Supp. 2d ___, 2010 WL 3700200, *1 (D. Del. 2010). Accordingly, the Court may not consider evidence beyond the complaint when determining whether to grant a defendant relief under Rule 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) ("[S]ince the district court was ruling on a motion to dismiss, it was not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based."). In *In re: Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280 (3d Cir. 1999), the Third Circuit explained that there are two exceptions to this general rule. In addition to the pleadings, a court may consider a "document integral to or explicitly relied upon in the complaint" or an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* at 287.

When a court is provided with materials outside the pleadings with a motion to dismiss, the court must either exclude the additional materials and decide the motion on the complaint alone or convert the motion to one for summary judgment. *See, e.g., Sec. & Exch. Comm'n v.*

4

*Kueng*, 09 Civ. 8763, 2010 U.S. Dist. LEXIS 77753, *6 (S.D.N.Y. July 30, 2010) (internal quotations omitted).

When, as here, a case is in its infancy, courts typically exclude the additional materials rather than convert the motion. *See, e.g.*, *Jozwiak v. Stryker Corp.*, 6:09-cv-19850Orl-19GJK, 2010 U.S. Dist. LEXIS 17221, *11 (M.D. Fl. February 26, 2010) ("[A] motion to dismiss should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision."); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 3:09-CV-644-S, 2010 U.S. Dist. LEXIS 74989 (W.D. Ky. July 23, 2010) (Conversion of the motion "is plainly premature."); *G.I. Home Developing Corp. v. Weis*, 07-CV-4115, 2009 U.S. Dist. LEXIS 29345, *23 (E.D.N.Y March 31, 2009) ("At this stage in the litigation, the Court declines to convert Defendants' Rule 12(b)(6) motion into one for summary judgment given that discovery has not been completed and an Answer has not been filed."); *McGuigan v. Conte*, 629 F. Supp. 2d 76, 81 (D. Mass. 2009) (declining to convert in part because "plaintiff has had no opportunity to conduct discovery").

## ARGUMENT

    A.    <u>The Court Should Exclude Defendants' Extraneous Submissions And Assess The Sufficiency Of BOT's Claims Pursuant To Rule 12(b)(6)</u>

The Court should treat the Defendants' motion as it is labeled—as a Motion to Dismiss. In light of the fact that this case has just begun, and that the Defendants seek to have the Court rely on newly-minted documents that were devised to fabricate a defense, it would be inappropriate to convert Defendants' motion to one for summary judgment.

Discovery has not begun and, as in *G.I. Home Developing*, 2009 U.S. Dist. LEXIS 29345 at *23, Defendants have not filed an Answer to the Amended Complaint. To properly address the merits of BOT's claims, discovery will be required. By way of example, BI's interpretation

of the word "use" in the ARA (D.I. 12 at 8) is a question of fact that must be flushed out through discovery. Likewise, discovery is needed to learn about and address the various actions taken by Defendants in response to the Amended Complaint, which Defendants seek to interject through the Motion to Dismiss—especially because BOT's only knowledge of these post-complaint events is what can be gleaned from the Gamble Declaration. Accordingly, the Court should not convert Defendants' Motion to Dismiss to a motion for summary judgment.[2] Rather, the Court should exclude all materials not germane to the Amended Complaint, including Exhibits 2, 3, 4, 6, and 7 as well as Defendants' Statement of Facts, and proceed to assess the sufficiency of the allegations contained within the Amended Complaint under Rule 12(b)(6) standards.

      B.    <u>The Court Should Exclude Exhibits 3, 4, 6, And 7 Of Defendants' Motion To Dismiss Because They Are Not Integral To BOT's Complaint</u>

Exhibits 3, 4, 6, and 7 are not referenced in BOT's Amended Complaint and do not fit either exception provided by the Third Circuit—i.e., they are not integral to or relied upon by any claim in BOT's complaint. Indeed, Exhibits 3, 6 and 7 relate to facts that were not even in existence when BOT filed its Amended Complaint on December 7, 2010. Defendants have submitted these exhibits for the purpose of demonstrating actions taken by the Defendants *after* the complaint was filed. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a plaintiff's claims. *Retzlaff*, 2010 WL 3700200, *1. Actions taken in an attempt to manufacture a defense, or to mitigate damages, are not pertinent to the Amended Complaint's sufficiency. The Court should therefore exclude each of these exhibits.

---

[2] As recognized in *In re: Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999), before converting a motion to dismiss to one for summary judgment a court must provide the non-moving party with sufficient notice of that intention. *See also* Fed. R. Civ. P. 12(d) (upon converting "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). Should the Court decide to convert Defendants' Motion to Dismiss to a motion for summary judgment, then BOT intends to file a motion under Rule 56(d) for leave to take discovery.

6

**Exhibit 3** is a purported copy of a Request for the Recording of a Renunciation for International Registration No. 1045805 and a purported receipt of that renunciation. (D.I. 13 at 2.) Defendants apparently filed this renunciation with the International Bureau of the World Intellectual Property Organization in response to the allegations in BOT's Amended Complaint. (D.I. 12 at 4.) Defendants rely on Exhibit 3 claiming that "[a]ny issue with respect to [Defendants'] International Registration for the BENIHANA trademark, Registration No. 1048205 is moot . . . ." (*Id.* at 1.)

Defendants' purported renunciation is not referenced in BOT's Amended Complaint either implicitly or explicitly. Indeed, Exhibit 3 was not even in existence at the time BOT filed its Amended Complaint. None of BOT's claims relies upon Defendants' renunciation. Defendants have failed to cite any case providing authority for a court to consider on a motion to dismiss, documents or facts created in response to a complaint.

Any attempt by Defendants to cure their improper conduct after the Amended Complaint was filed is irrelevant—and clearly not integral—to the sufficiency of BOT's pleaded claims. The Amended Complaint alleges that Defendant BI sought to register the BENIHANA Trademark in the countries of Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam, and Zambia, falsely claiming to be acting on behalf of "Benihana of Tokyo, Inc." (D.I. 6 at ¶ 40.) Exhibit 3 should be excluded from the Court's consideration of Defendants' Motion to Dismiss because it is extraneous to this allegation.

At most, Exhibit 3 might be relevant to a potential defense held by the Defendants. Courts refrain, however, from considering fact-specific defenses on motions to dismiss. *See, e.g.*, James W. Moore *et al.*, Moore's Federal Practice, § 12.34[4][b] at 99-100 (3d ed. 1997) ("Defenses that require a factual review to be established . . . should not support a dismissal for

failure to state a claim."); *cf. Green v. First Correctional Med.*, 430 F. Supp. 2d 383, 386 (D. Del. 2006) (finding that an affirmative defense could only be considered on a motion to dismiss if based upon facts provided on the face of the complaint).

**Exhibit 4** is a copy of United States Trademark Registration No. 940,142 for the mark BENIHANA OF TOKYO for "restaurant services" and the trademark assignment details recorded with the USPTO. (D.I. 13 at 2.) Defendants refer to this exhibit in response to BOT's false designation of origin claim. (D.I. 12 at 13.) Exhibit 4, however, is not referred to in BOT's Amended Complaint and likewise is not integral to any of BOT's claims. The essence of BOT's false designation of origin claim is that BI falsely used the *corporate and trade name* "Benihana of Tokyo, Inc." in various trademark applications filed *outside of the United States*, (D.I. 6 at ¶¶ 42-43), and that Defendants have falsely claimed ownership in the BENIHANA Trademark in the countries of Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam, and Zambia (D.I. 6 at ¶¶ 42-43). Exhibit 4 is irrelevant to BOT's claims for at least two reasons. First, Exhibit 4 relates to the registration of a service mark—BENIHANA OF TOKYO—not to a corporate or trade name. Second, Exhibit 4 relates solely to the registration of that service mark within the United States.

Thus, whether BI has a United States service mark registration for BENIHANA OF TOKYO for restaurant services is irrelevant to BI's false use of the Benihana of Tokyo, Inc. corporate and trade name, or to BI's false claim of ownership of the BENIHANA Trademark outside the United States. Because BOT's allegations do not refer to, or rely upon Exhibit 4, the Court should exclude this document in its consideration of Defendants' Motion to Dismiss.

**Exhibit 6** is a copy of information apparently reproduced by Defendants from the USPTO's Trademark Electronic Search System's records for United States Trademark

8

Registration No. 1230609 and a copy of Trademark Assignment Abstract of Title for the same registration. (D.I. 13 at 2.) Included in Exhibit 6 is a reference to a recordation of an assignment from Benihana National Corporation to Noodle Time, Inc. dated January 28, 2011—*more than a month after* the filing of BOT's Amended Complaint on December 7, 2010. (D.I. 13 at 8 (Assignment 5).)[3]  Thus, Exhibit 6 also presents facts created by Defendants in *response* to BOT's allegations and, thus, is not integral to those allegations.

Defendants use Exhibit 6 to buttress their defense that Defendants have not falsely claimed to be acting on behalf of "Benihana of Tokyo, Inc." despite the registration referenced in BOT's Amended Complaint. Significantly, Defendants do not deny the misuse of the name, but ascribe it to a supposed "scrivener's error." Such a defense does not change the sufficiency of the Amended Complaint. This document simply is irrelevant to the sufficiency of BOT's false designation of origin claim.

**Exhibit 7** is a copy of a so-called notice of corrective assignment filed with the USPTO. (D.I. 13 at 2.) This corrective assignment was not in existence at the time BOT filed its Amended Complaint and should therefore be excluded. Similar to Exhibit 6, Defendants provide only a summary notice of what they filed at the Patent and Trademark Office, and not the actual documents. (*See* D.I. 13-3 at 11 which indicates "Total Attachments: 8".)

BOT alleges through its false designation of origin claim that "Benihana of Tokyo, Inc." is a corporate and trade name owned exclusively by BOT (D.I. 6 at ¶ 41) and that BI has sought to register the BENIHANA Trademark in various countries falsely claiming to be acting on behalf of Benihana of Tokyo, Inc. (*id.* at ¶ 40). BI apparently concedes the impropriety of its actions, but argues without support that the fault lies elsewhere, asserting that the "USPTO

---

[3] The actual ten-page document that was recorded on January 28, 2011 was not provided, and its contents are not presently known to BOT.

appears to have incorrectly input the assignee and current owner of U.S. Registration No. 1230609 as 'Noodle Time, Inc. (Benihana of Tokyo, Inc.).'" (D.I. 12 at 14.) This assertion has no basis in the Amended Complaint and should not be considered by the Court on a motion to dismiss. Exhibit 7 is not referenced in BOT's Amended Complaint and is not integral to any claim in that complaint. Defendant's attempt to dismiss BOT's false designation of origin claim by *responding* with the submission of new documents does not make the document proper for consideration now (even had Defendants submitted in full the recorded documents).

      C.    <u>The Court Should Exclude Exhibit 2 Because It Is Not Referred To In The Amended Complaint</u>

**Exhibit 2** is an *unexecuted* "Assignment of Trademarks" concerning BI and Benihana National Corporation. (D.I. 13-2 1-6.) On a motion to dismiss, the Court may not consider any evidence beyond the complaint unless that evidence is integral to or explicitly relied upon in the complaint or constitutes an undisputedly authentic document on which the claims are based. *See In re: Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d at 287; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1424-25.

BOT's Amended Complaint does not refer or rely upon an unexecuted copy of a trademark assignment. Thus, Exhibit 2 does not constitute an "undisputedly authentic document" on which BOT's claims are based. Defendants' characterization of Exhibit 2 as "a true and correct copy of the Assignment of Trademarks dated May 15, 1995 by and between Benihana of Tokyo, Inc. and Benihana National Corp" (D.I. 13 at 2) is incorrect. The Amended Complaint refers to an *executed* "Assignment of Trademarks" "signed by Taka Yoshimoto." (*See, e.g.*, D.I. 6 at ¶ 22.)

Defendants carry the ultimate burden on their Motion to Dismiss. Defendants cannot succeed on that motion and have this Court dismiss BOT's claims through the admission of an

unsigned document that is extraneous to BOT's Amended Complaint. The Court should therefore exclude Exhibit 2 from its consideration of BOT's Motion to Dismiss.

      D.    <u>The Court Should Strike Defendants' Statement Of Facts Because It Presents Facts And Assertions That Are Not In The Amended Complaint</u>

Defendants include in their Motion to Dismiss a Statement of Facts that does not make a single reference to the Amended Complaint. (D.I. 12 at 2-4.) Most[4] of the Defendants' Statement of Facts is comprised of purported facts that are completely extraneous to BOT's Amended Complaint. They have no bearing on the sufficiently of the Amended Complaint. The Court should only consider the factual allegations in BOT's Amended Complaint and those allegations must be viewed in the light most favorable to BOT. *See, e.g.*, *supra*, *Retzlaff*, 2010 WL 3700200, *1 ("A motion to dismiss may be granted only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.") (internal quotations omitted).

Because the purpose of a motion to dismiss is to test the sufficiency of a plaintiff's complaint, and because Defendants' Statement of Facts fails to even reference BOT's Amended Complaint, BOT further requests that the Court strike the Statement from the Motion.

      E.    <u>BOT Requests A Continuance Of The Deadline To Respond To Defendants' Motion To Dismiss</u>

Finally, BOT requests that the Court continue the deadline for BOT's response to Defendants' Motion to Dismiss until fourteen (14) days after the Court has decided whether to exclude and/or strike the submissions at issue in this motion. It is not unusual for a court to continue a deadline for the response to a motion to dismiss while the court determines the record

---

[4] The Statement of Facts does refer to two documents that are either referenced in BOT's Amended Complaint or on which BOT's claims rely—Exhibits 1 and 5 of the Gamble Declaration—and BOT has not requested that the Court exclude those exhibits.

11

on which it will decide that motion. In *Tarazi v. Stemberger*, 2:10-CV-793, 2010 U.S. Dist. LEXIS 127102 (S.D. Ohio Dec. 1, 2010), for example, the court was faced with circumstances similar to those presented here. Recognizing that the defendant had submitted materials extraneous to the complaint in support of its motion to dismiss, the plaintiff requested that the court grant plaintiff an extension of time to file a response to the motion until the court determined the appropriate scope of the motion. *Id.* at *2. The court excluded the extraneous materials and granted plaintiff an extension to respond to defendant's motion. *Id.* at *4.

As in *Tarazi*, a continuance of this deadline will allow the Court to determine the scope of the record on which Defendants' Motion to Dismiss will be decided so that BOT may respond accordingly. Moreover, a continuance will not unduly delay any proceeding in this case or prejudice either party.

## CONCLUSION

Defendants chose to respond to BOT's Amended Complaint by filing a motion to dismiss. One consequence of moving for judgment at such an early stage is that all factual allegations in BOT's complaint must be accepted by the Court. Defendants cannot avoid Rule 12(b)(6) standards by placing before this Court documents and statements outside of the Amended Complaint. For all of the reasons stated herein, BOT respectfully requests that the Court exclude Exhibits 2, 3, 4, 6, and 7 of the Gamble Declaration and that the Court strike Defendants' Statement of Facts in its Motion to Dismiss. In addition, BOT requests that the Court continue the deadline for BOT's response to Defendants' Motion to Dismiss until fourteen (14) days after the Court rules on BOT's Motion to Exclude and/or Strike.

Dated: February 18, 2011  Respectfully submitted,

*/s/ Mark R. Owens*
David M. Powlen (DE No. 4978)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone (302) 888-4536
Electronic Mail: david.powlen@btlaw.com


Mark R. Owens (DE No. 4364)
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433

1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone (302) 888-4536
Electronic Mail: mark.owens@btlaw.com


James R. Burdett, Esq.
Joseph D. Lewis, Esq.
BARNES & THORNBURG, LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone (202) 289-1313
Facsimile (202)289)-1330
Electronic Mail: jim.burdett@btlaw.com

*Attorneys for Benihana of Tokyo, Inc.*

INDS02 1152565