IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BENIHANA OF TOKYO, INC.
      Plaintiff,

vs.

C.A. No.: 10-01051 SLR

BENIHANA, INC.
and
NOODLE TIME, INC.,
      Defendants.

---

## ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE AND FOR EXTENSION OF TIME

Of Counsel:
Janet Moreira Gamble (#0597090)
Alan H. Fein (#288349)
STEARNS WEAVER MILLER WEISLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200

Robert W. Whetzel (#2288)
whetzel@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorney for Defendants*

March 7, 2011

RLF1 3872333v. 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS .............................................................................1

SUMMARY OF ARGUMENT .....................................................................................................1

STATEMENT OF FACTS .............................................................................................................3

APPLICABLE LEGAL STANDARDS .........................................................................................5

ARGUMENT ..................................................................................................................................7

    A. This Court Should Consider the Subject Exhibits
       As Part of Benihana's Motion to Dismiss ........................................................................7

    B. The Subject Exhibits Fall Within One of the Enumerated
       Exceptions to Rule 12(b)(6) .............................................................................................8

        1. Exhibit 2 is Referred to in the Amended Complaint ...............................................9

        2. Exhibit 3 is a Public Record Integral to BOT's Claims ..........................................9

        3. Exhibits 4, 6, and 7 Consist of Matters of Public
           Record and Are Proper for Judicial Notice ..........................................................10

        4. The Statement of Facts Are Not In Dispute ..........................................................14

CONCLUSION .............................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)..................................................................................5, 6

*Buying for the Home LLC v. Humble Abode, LLC*,
   459 F.Supp.2d 310 (D.N.J. 2006) ..................................................................................10

*In re Fruehauf Trailer Corp.*,
   250 B.R. 168 (D. Del. 2000)............................................................................................6

*G.I. Home Developing Corp. v. Weis*,
   2009 WL 962696 (E.D.N.Y. Mar. 31, 2009)..................................................................6

*Hernandez v. Eaton*,
   2011 WL 673918 (W.D. Pa. Feb. 17, 2011) ..................................................................5

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005)..........................................................................................10

*Jozwiak v. Stryker Corp.*,
   2010 WL 743834 (M.D. Fla. Feb. 26, 2010) ..................................................................6

*Kaempe v. Myers*,
   367 F.2d 958 (D.C. Cir. 2004).......................................................................................10

*Mayer v. Belichick*,
   605 F.3d 223 (3d Cir. 2010).........................................................................................2, 8

*McGuigan v. Conte*,
   629 F.Supp.2d 76 (D. Mass. 2009) ..................................................................................6

*Mervyn's LLC v. Lubert-Adler Group IV, LLC (In re Mervyn's Holdings, LLC)*,
   426 B.R. 488 (Bankr. D. Del. 2010) ........................................................................5, 10

*MicroStrategy, Inc. v. Acacia Research Corp.*,
   2010 WL 5550455 (Del. Ch. Dec. 30, 2010)..................................................................7

*Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*,
   730 F.Supp.2d 683 (W.D. Kentucky 2010) ....................................................................6

*Nw. Nat'l Ins. Co. v. Esmark, Inc.*,
   672 A.2d 41 (Del. 1996) .................................................................................................7

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.,*
   311 F.3d 198 (3d Cir. 2002) ..................................................................................2

*S.E.C. v. Kueng,*
   2010 WL 3026618 (S.D.N.Y. 2010) ......................................................................5

*Spruill v. Gillis,*
   372 F.3d 218 (3d Cir. 2004) ..................................................................................2

*Thomas & Betts Corp. v. Panduit Corp.,*
   65 F.3d 654 (7th Cir. 1995) .................................................................................10

*Total Petroleum Puerto Rico Corp. v. Torres-Caraballo,*
   672 F.Supp.2d 252 (D.P.R., 2009) .......................................................................10

*Vitek Sys., Inc. v. Abbott Labs.,*
   675 F.2d 190 (8th Cir. 1982) ...............................................................................10

*Welcome Co., Ltd. v. Harriet Carter Gifts, Inc.,*
   1998 WL 1770584 (C.D. Cal. Mar. 26, 1998) .....................................................10

**STATUTES & RULES**

15 U.S.C. § 1115 .............................................................................................................12

15 U.S.C § 1125(a) .........................................................................................................11

Fed. R. Civ. P. 12(b)(6) ................................................................................................5, 6

Fed. R. Civ. P. 56 ..............................................................................................................5

Fed. R. Evid. 201(b) ...........................................................................................2,5,8,10

Fed. R. Evid. 201(c) ..........................................................................................................5

RLF1 3872333v. 1

## NATURE AND STAGE OF PROCEEDINGS

On December 7, 2010, Plaintiff Benihana of Tokyo, Inc. (hereinafter "BOT") filed its Amended Complaint (D.I. 6) against Defendants Benihana, Inc. and Noodle Time, Inc. (hereinafter collectively "Benihana") alleging claims of breach of contract, specific performance, conversion, false designation of origin, infringement in Singapore and Vietnam, and seeking a declaratory judgment based on Noodle Time, Inc.'s international application to register the mark BENIHANA in Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam, and Zambia ("Disputed Countries").

On February 4, 2011, Benihana filed Defendants' Motion to Dismiss the Amended Complaint (D.I. 11) along with its Opening Brief in Support of Defendant's Motion to Dismiss Complaint (D.I. 12) (hereinafter collectively "Motion to Dismiss") and the Declaration of Janet Moreira Gamble in Support of Defendants' Motion to Dismiss Amended Complaint (D.I. 13) (hereinafter "Gamble Declaration").

On February 18, 2011, BOT filed its Motion to Exclude and/or Strike and For Extension of Time ("Motion to Exclude") (D.I. 15) and a Brief in Support of Motion to Exclude and/or Strike and For Extension of Time (D.I. 16).

## SUMMARY OF ARGUMENT

1. BOT's Motion to Exclude claims that Benihana's Motion to Dismiss improperly exceeds the scope of arguments regarding the sufficiency of the Amended Complaint.[1] BOT claims that Benihana presented numerous exhibits and factual allegations that are extraneous to the Amended Complaint and requests this Court to exclude Defendants' Exhibits 2, 3, 4, 6, and

---

[1] D.I. 16, p. 1.

7[2] (hereinafter the "Subject Exhibits"), strike Defendants' Statement of Facts, and grant a continuance of the deadline for BOT to respond to Defendants' Motion to Dismiss until the scope of the exhibits is determined by the Court.[3,4] As shown in detail, the Subject Exhibits do not constitute "matters outside the pleading." Each is relevant and admissible for purposes of Benihana's Motion to Dismiss, without the need to convert the motion to one for summary judgment, because each is (i) incorporated by reference in the Amended Complaint; (ii) public record[5]; or (iii) undisputedly authentic and integral to the complaint.[6]

2. The purpose of BOT's Motion to Exclude is to shield from the Court the Subject Exhibits that show the Amended Complaint as meritless. It is simply a vehicle to divert this Court's attention from a critical reality: BOT's Amended Complaint fails to articulate a set of facts sufficient to state its claims under the Federal Rules of Civil Procedure. The Amended Complaint is replete with unsupported assertions, unwarranted inferences, and sweeping conclusions that stem from one exaggerated fact, Benihana's procurement of International Registration No. 1048205.[7] BOT's allegations are inadequate for purposes of outlining and

---

[2] BOT concedes to the authenticity and relevance of Exhibit 1 (the ARA Agreement) and Exhibit 5 (a copy of International Registration No. 1048205) attached to the Gamble Declaration. Since the authenticity of Exhibit 1 and Exhibit 5 are not in dispute, the Court may consider these documents without converting Benihana's Motion to Dismiss to a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[3] D.I. 16, pp. 1-2.

[4] BOT's Motion to Exclude requests a continuance of BOT's deadline to respond to Benihana's Motion to Dismiss until fourteen (14) days after the Court rules on BOT's Motion to Exclude. Benihana contends that BOT can respond to the Motion to Dismiss, particularly with regard to the second, third, fourth (false advertising), fifth and sixth causes of action, without reference to any of the Subject Exhibits. Nonetheless, Benihana respectfully defers to this Court's discretion as to BOT's request for a continuance.

[5] *See* Rule 201(b), Federal Rules of Evidence ("Fed. R. Evid.")

[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)

[7] D.I. 6, ¶¶ 14-19, 29, 33, 37, 40, 55; *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) ("[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. Similarly, legal conclusions draped in the

2

supporting the elements of each of BOT's claims or to permit inferences to be drawn therefrom. Benihana's Motion to Dismiss clearly outlines the deficiencies in BOT's Amended Complaint, claim by claim.[8] BOT would have this Court make believe that public documents simply do no exist in order to see its flawed claims survive another day.

3. BOT's request to strike Benihana's Statement of Facts on the basis that it is "devoid of any cites to the Amended Complaint" is unwarranted.[9] The "Statement of Facts" in Benihana's Motion to Dismiss is based upon facts that are readily available and accessible to the public, constitute public record, and are supported by the Subject Exhibits.[10] While it is easy to understand why BOT would like the Court to ignore these references, including references to public documents, the Court should decline BOT's motion to do so.

## STATEMENT OF FACTS

In support of its Motion to Dismiss (D.I. 11, 12), and attached to the Gamble Declaration (D.I. 13), Benihana submitted a total of seven Exhibits, five of which are at issue in BOT's Motion to Exclude (i.e. the Subject Exhibits). BOT mischaracterizes the nature and substance of the Subject Exhibits. Below is an accurate description of the Subject Exhibits for this Court's consideration and reference.

Exhibit 2[11] is an "Assignment of Trademarks" between BOT and Benihana National Corporation.

---

guise of factual allegations may not benefit from the presumption of truthfulness.") (internal citations omitted).
[8] D.I. 11, 12, generally.
[9] D.I. 16, p. 2.
[10] D.I. 12, pp. 2-4.
[11] Benihana, contemporaneously with this brief, filed a Motion to Substitute relating to Exhibit 2. Benihana sought counsel's agreement to the relief sought by the Motion to Substitute in accordance with Local Rule 7.1.1., however, counsel for BOT objected to the substitution of Exhibit 2 with the executed assignment.

3

Exhibit 3 is a composite exhibit consisting of (i) an undated copy of a Request for the Recording of a Renunciation for International Registration No. 1045805, requesting the abandonment of the Disputed Countries from the registration; and (ii) a February 2, 2011 receipt from the World Intellectual Property Organization ("WIPO") of the request.

Exhibit 4 is a composite exhibit consisting of copies of: (i) a United States Trademark Registration No. 940,142 for the trademark BENIHANA OF TOKYO, issued on August 1, 1972; (ii) trademark assignment details from the United States Patent and Trademark Patent and Trademark Office ("USPTO") demonstrating an assignment of Registration No. 940,142, among others, from BOT to Benihana, recorded on May 22, 1995.

Exhibit 6 is a composite exhibit consisting of: (i) a reproduction from the USPTO's Trademark Electronic Search System ("TESS") database for information relating to United States Trademark Registration No. 1230609 for BENIHANA, issued on March 8, 1983; and (ii) a trademark assignment abstract of title reproduced from the USPTO "Assignments on the Web" database showing the history of title for Registration No. 1230609 through March 23, 2007.

Exhibit 7 consists of a Notice of Corrective Assignment filed by Benihana on January 28, 2011 in a proactive attempt to correct the USPTO's scrivener's error of entering the "Last Listed Owner" of Registration No. 1230609 as "Noodle Time, Inc. (Benihana of Tokyo, Inc.)" instead of "Noodle Time, Inc.", as the party was correctly identified in the July 31, 1998 assignment. Benihana's conduct in no way, "apparently" or otherwise, concedes any impropriety.[12]

---

[12] D.I. 16, p. 9. In fact, a corrective assignment was not necessary to correct the information relating to Registration No. 1230609 since the assignment documents of record clearly and correctly identified the relevant parties. The corrective assignment was filed merely as proactive measure to call the USPTO's attention to the error since other attempts to correct the information proved futile.

## APPLICABLE LEGAL STANDARDS

BOT argues that Rule 12(b) of the Federal Rules of Civil Procedure requires that, on a motion to dismiss under Rule 12(b)(6), if matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided for in Rule 56. Fed. R. Civ. P. 12(b)(6), 56.

In fact, the Rule does not require conversion whenever a court considers materials outside of the pleadings; courts are able to consider certain categories of documents without converting the motion to dismiss. *Hernandez v. Eaton*, 2011 WL 673918, at *1 (W.D. Pa. Feb. 17, 2011), citing *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).[13] In addition, Rule 201 of the Federal Rules of Evidence authorizes courts to take judicial notice of certain matters.[14]

Consequently, in deciding a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P, this Court may consider: (i) documents attached to or incorporated by reference to the complaint; (ii) matters of public record; and (iii) indisputably authentic documents upon which the claims are based. Fed. R. Civ. P. 12(b)(6); Fed. R. Evid. 201(b), (c); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (even though complaint did not explicitly refer to or cite to annual report, claims in the complaint were based on the annual report and properly considered); *Mervyn's LLC v. Lubert-Adler Group IV, LLC (In*

---

[13] BOT refers to *S.E.C. v. Kueng*, 2010 WL 3026618 (S.D.N.Y. 2010) for the proposition that "when a court is presented with materials outside the pleadings, the court must either exclude the additional materials and decide the motion on the complaint, or convert the motion to one for summary judgment". (D.I. 16, pp. 4-5). As discussed in this brief, this Court is not so limited.

[14] Rule 201, Fed. R. Evid., states, in relevant part:
(b) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
(c) A court may take judicial notice, whether requested or not.

5

RLF1 3872333v. 1

*re Mervyn's Holdings, LLC)*, 426 B.R. 488, 496 (Bankr. D. Del. 2010) (noting the public records exception to Rule 12(b) and taking judicial notice of press releases, commitment letters, and an agreement); *In re Fruehauf Trailer Corp.*, 250 B.R. 168 (D. Del. 2000) (identifying the three categories of documents that a court may consider in a motion to dismiss for failure to state a claim).

BOT cites to a number of decisions, outside of the jurisdiction of the Third Circuit Court of Appeals or the District of Delaware, for the proposition that courts typically exclude the additional materials rather than convert the motion when discovery is needed. (D.I. 16, p. 5).[15] These cases are inapposite here since discovery is not required on any issue in order for the Court to decide Benihana's Motion to Dismiss. This Court may properly consider the pleadings and the Subject Exhibits to decide Benihana's Motion to Dismiss.[16]

For the reasons discussed herein, and further discussed below, this Court should deny BOT's Motion to Exclude and consider the Subject Exhibits (Exhibits 2, 3, 4, 6 and 7) and the Statement of Facts in deciding Benihana's Motion to Dismiss.

---

[15] BOT cites to the following cases *Jozwiak v. Stryker Corp.*, 2010 WL 743834 (M.D. Fla. Feb. 26, 2010); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 730 F.Supp.2d 683 (W.D. Kentucky 2010); *G.I. Home Developing Corp. v. Weis*, 2009 WL 962696 (E.D.N.Y. Mar. 31, 2009); and *McGuigan v. Conte*, 629 F.Supp.2d 76, 81 (D. Mass. 2009).

[16] Assuming, *arguendo*, that the Subject Exhibits did not fall into one of the Rule 12(b)(6) exceptions, this Court could still properly dismiss BOT's Amended Complaint due to the deficiencies in BOT's pleading and BOT's failure to demonstrate its entitlement to obtain evidence to support its claims. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

6

## ARGUMENT

A. <u>**This Court Should Consider the Subject Exhibits As Part of Benihana's Motion to Dismiss**</u>

Benihana agrees that this Court should not convert Benihana's Motion to Dismiss to one for summary judgment. This Court should and may properly treat Benihana's Motion to Dismiss as a motion to dismiss pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

Based on its assumption that this Court will convert Benihana's Motion to Dismiss to one for summary judgment, BOT argues that discovery is required to properly address the merits of BOT's claims, Benihana's purported interpretation of the word "use," and Benihana's alleged post-Amended Complaint actions. (D.I. 16, pp. 6-7). However, this Court is not deciding the merits of BOT's claims. Here, the Court shall consider Benihana's Motion to Dismiss, pursuant to Rule 12(b)(6), and the Subject Exhibits to test the sufficiency of the Amended Complaint, not to resolve disputed facts or decide the merits of the case. (D.I. 16, p. 4).

By way of example, BOT argues that discovery is needed because of Benihana's interpretation of the word "use" in the ARA. (D.I. 13, Exhibit 1; D.I. 16, pp. 5-6). Notably, BOT does not dispute Benihana's purported "interpretation." BOT simply argues that the meaning of the word "use" is a question of fact. (D.I. 16, pp. 6-7).

Under Delaware law, the law is clear that the interpretation of a contract is a question of law suitable for determination on a motion to dismiss. *MicroStrategy, Inc. v. Acacia Research Corp.*, 2010 WL 5550455, *5 (Del. Ch. Dec. 30, 2010). As part of that review, a court will interpret the words "using their common or ordinary meaning, unless the contract clearly shows that the parties' intent was otherwise." *Id.*; *Nw. Nat'l Ins. Co. v. Esmark, Inc.*, 672 A.2d 41, 44

(Del. 1996) (interpreting unambiguous contract terms using dictionary definitions).[17] The language of the ARA is clear, unambiguous, and not susceptible to more than one reasonable interpretation. (D.I. 12, pp. 6-7). Not surprisingly, BOT has not argued otherwise. Consequently, this Court may import the ordinary and common meaning of the word "use" in deciding Benihana's Motion to Dismiss.

BOT further argues that discovery is needed to address the various actions taken by Benihana in response to the Amended Complaint. (D.I. 16, p. 6). BOT is referring to Benihana's actions memorialized in Exhibit 3 (Notice of Renunciation) and Exhibit 7 (Corrective Assignment). However, as discussed in the preceding and following sections, Exhibits 3 and 7, along with the remaining Subject Exhibits, fall within one of the enumerated exceptions to Rule 12(b)(6).

**B. The Subject Exhibits Fall Within One of the Enumerated Exceptions to Rule 12(b)(6)**

Each of the Subject Exhibits is (i) incorporated by reference in the Amended Complaint; (ii) public record[18]; or (iii) undisputedly authentic and integral to the complaint.[19] *Mayer*, 605 F.3d at 230. Therefore, each of the Subject Exhibits is not considered "extraneous" to the pleadings and may be considered by this Court in deciding Benihana's Motion to Dismiss.

---

[17] Merriam-Webster defines the noun "use," in part, as 1.a: the act or practice of employing something; b: the fact or state of being used; c: a method or manner of employing or applying something.

[18] *See* Rule 201(b), Fed. R. Evid.

[19] It should be noted that BOT does not make any objection as to the authenticity or accuracy of the Exhibits 3, 4, 6, and 7.

1. **Exhibit 2 is Referred to in the Amended Complaint**

Contemporaneously with the filing of this brief, Benihana submits a Motion to Substitute relating to Exhibit 2. Exhibit 2 is referred to by BOT in the Amended Complaint (D.I. 6, ¶¶ 22-23) and formulates the basis, at least in part, of BOT's claims against Benihana. (D.I. 6, ¶¶ 28, 32, 36, 39, 51, and 60). Section 1.04 of the ARA (D.I. 13, Exhibit 1) also refers to the Assignment of Trademarks by stating that at closing, BOT shall deliver to Benihana instruments of transfer including without limitation an "Assignment of Trademarks."

Notably, BOT's only argument with regard to Exhibit 2 is that the *unexecuted* version is not referred to in the Amended Complaint. (D.I. 16, p. 10; *Supra* FN. 11). As identified in Benihana's Motion to Substitute, this Court should consider this exhibit since it is explicitly referred to in the Amended Complaint.

2. **Exhibit 3 is a Public Record Integral to BOT's Claims**

Exhibit 3 is a Request for Recording of a Renunciation for International Registration No. 1045805 and a filing receipt from the World Intellectual Property Organization. This document is publicly recorded with WIPO. BOT claims that Benihana seeks to register in the Disputed Countries. The Notice of Renunciation is integral with respect to BOT's claims in that it demonstrates BOT is unable to prove any set of circumstances that would support its claims or entitle it to any relief. BOT's request to exclude this Exhibit would withhold from the Court a document that essentially renders all of BOT's claims meaningless. This Court should not indulge BOT's request and exclude Exhibit 3 when there is no basis to do so. Exhibit 3 is integral to BOT's claims and should be considered by this Court in deciding Benihana's Motion to Dismiss.

### 3. **Exhibits 4, 6, and 7 Consist of Matters of Public Record and Are Proper for Judicial Notice**

A court may take judicial notice of public records to acknowledge that the facts contained in those records existed in the public realm at the time. Fed. R. Evid. 201(b)(2), (c); *In re Mervyn's Holdings, LLC*, 426 B.R. at 496 (took judicial notice of press releases). Public records include documents filed and maintained by the United States Patent and Trademark Office. *Kaempe v. Myers*, 367 F.2d 958, 965 (D.C. Cir. 2004) ("The documents recorded by the PTO . . . are public records subject to judicial notice on a motion to dismiss."); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("(t)he district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."); *Thomas & Betts Corp. v. Panduit Corp.*, 65 F.3d 654, 664 n.12 (7th Cir. 1995) (taking judicial notice of patent in a trade dress infringement case); *Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 192 n.4 (8th Cir. 1982) (court may take judicial notice of Patent and Trademark Office documents); *Total Petroleum Puerto Rico Corp. v. Torres-Caraballo*, 672 F.Supp.2d 252, 257 (D.P.R., 2009) ("(g)iven its status as an official United States agency website, I find that the USPTO website is a 'source() whose accuracy cannot reasonably be questioned.'"); *Buying for the Home LLC v. Humble Abode, LLC*, 459 F.Supp.2d 310, 319 (D.N.J. 2006) (a court may take judicial notice of trademark registrations); *Welcome Co., Ltd. v. Harriet Carter Gifts, Inc.*, 1998 WL 1770584, *3 (C.D. Cal. Mar. 26, 1998) (taking judicial notice of (i) USPTO notice of recordation assignment document dated 08/18/1993; (ii) printout from dialog database U.S. Patents Full Text; and (iii) the fact that Taiwan is part of the Republic of China).

Subject Exhibits 4, 6, and 7 (D.I. 13) fall within the "public records" exception and may be considered by this Court in deciding Benihana's Motion to Dismiss.

RLF1 3872333v. 1

Exhibit 4 is a composite exhibit consisting of copies of: (i) United States Trademark Registration No. 940,142 for the trademark BENIHANA OF TOKYO; and (ii) trademark assignment details from the United States Patent and Trademark Patent and Trademark Office ("USPTO") demonstrating an assignment of Registration No. 940,142, among others, from BOT to Benihana. These documents are dated long before the filing date of BOT's Amended Complaint, are readily available through the USPTO website, and are accessible, public records.

BOT argues that the essence of its false designation of origin claim is that Benihana "falsely used the corporate and trade name 'Benihana of Tokyo, Inc.' in various trademark applications" and that Benihana "falsely claimed ownership" of the BENIHANA trademark *outside* of the United States. D.I. 6, ¶¶ 42-43; D.I. 16, p. 8. It claims that Benihana's ownership of a federal registration of BENIHANA OF TOKYO within the United States is irrelevant to BOT's claim of ownership of the corporate name outside of the United States. *Id.*

BOT's own argument with respect to Exhibit 4 in its Motion to Exclude shows the relevance of the exhibit and establishes the impropriety of BOT's Fourth Cause of Action. BOT's claim for false designation of origin is made pursuant to Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a). This claim requires that BOT allege (and later prove) protectable Lanham Act rights to the trade name in the United States. (*See* D.I. 6, ¶ 43; D.I. 12, pp. 13-14).[20]

Exhibit 4 is a public record demonstrating that, prior to filing the Amended Complaint, Benihana owned incontestable trademark rights under the Lanham Act in and to the trademark BENIHANA OF TOKYO. The existence of this registration is prima facie evidence of the

---

[20] If BOT's claim is based upon its rights in the name "Benihana of Tokyo, Inc." outside of the United States, and/or in the Disputed Countries, a claim pursuant to 15 U.S.C. § 1125(a) is wholly inappropriate.

11

validity of the registered mark, registration of the mark, registrant's ownership of the mark, and registrant's *exclusive* right to use the registered mark in commerce. 15 U.S.C. § 1115.

Exhibit 4 is not only an admissible public record but is integral to BOT's Lanham Act claim.

Exhibit 6 is a composite exhibit consisting of: (i) a reproduction from the USPTO's Trademark Electronic Search System ("TESS") database for information relating to United States Trademark Registration No. 1230609 for BENIHANA; and (ii) a trademark assignment abstract of title showing the history of the assignment of Registration No. 1230609. The TESS printout indicates that Registration No. 1230609 formulates the filing basis for International Registration No. 1048205 and demonstrates that the "Last Listed Owner" identified for this registration is "Noodle Time, Inc. (Benihana of Tokyo, Inc.)". The trademark assignment abstract of title indicates an Assignment No. 2 from "Benihana of Tokyo, Inc." to "Benihana National, Inc." and an Assignment No. 4 from "Benihana National Corporation" to "Noodle Time, Inc." None of the assignment documents recorded with the USPTO indicates an assignment to "Noodle Time, Inc. (Benihana of Tokyo, Inc.)". These documents are dated prior to the date of BOT's filing the Amended Complaint, are readily available through the USPTO website, and are accessible, public records.

Exhibit 6 makes a limited reference to the Corrective Assignment filed by Benihana on January 28, 2011, the subject of Exhibit 7 and refers to it as Assignment No. 5. However, Benihana introduces Exhibit 6 for purposes of establishing the existence of Assignment No. 2 and Assignment No. 4, which properly identify the parties to the respective assignments, and neither of which identifies a receiving party as "Noodle Time, Inc. (Benihana of Tokyo, Inc.)." This public record, excluding the fact of Assignment No. 5 (subject of Exhibit 7), speaks for

itself and may be considered by the Court to establish the facts for which Exhibit 6 is introduced.[21]

Exhibit 7 consists of a Notice of Corrective Assignment filed by Benihana in order to call the USPTO's attention to its input error, unsubstantiated by the assignments filed with the USPTO, of entering the "Last Listed Owner" of Registration No. 1230609 as "Noodle Time, Inc. (Benihana of Tokyo, Inc.)" instead of the correct "Noodle Time, Inc." As discussed in the preceding sections, the corrective assignment was not necessary to correct the ownership of Registration No. 1230609 as the assignment documents of record clearly and identified the relevant parties. However, it was filed as a means of calling the USPTO's attention to the error since previous attempts to correct the information were futile. Exhibit 7 is dated January 28, 2011 and is readily available through the USPTO website as a public record.[22]

The Court need only refer to Exhibit 6 (*See* D.I. 13) to confirm that nowhere in the trademark assignment abstract of title for U.S. Trademark Registration No. 1230609, the basis of International Registration No. 1048205, does it indicate any transfer of ownership to an entity called "Noodle Time, Inc. (Benihana of Tokyo, Inc.)". The allegation by BOT that Benihana purposefully and falsely claimed to be acting on behalf of Benihana of Tokyo, Inc. is false, unsupported by the public record, and facially false in the context of BOT's claims.[23]

---

[21] Contrary to the argument set forth in BOT's Motion to Exclude, Benihana does deny the alleged "misuse of the name." D.I. 12, p. 14 ("Benihana has not falsely claimed to be acting on behalf of 'Benihana of Tokyo, Inc.'"); *but see* D.I. 16, p. 9 ("Significantly, Defendants do not deny the misuse of the name.").

[22] As of the day of filing this motion, the USPTO records have been updated to correctly reflect "Noodle Time, Inc." as owner of U.S. Trademark Registration No. 1230609 as provided for in the assignment documents submitted to the USPTO.

[23] If, assuming *arguendo,* Benihana purported to act on behalf of BOT when seeking to register BENIHANA in the Disputed Countries, as BOT alleges, BOT would not be damaged. BOT would be able to claim ownership of International Registration No. 1048205. BOT's own arguments flaw its claims. Furthermore, as Benihana describes in detail in its Motion to Dismiss

13

Further, notably, International Registration No. 1048205 is registered to "Noodle Time, Inc. (Benihana of Tokyo, Inc.)" not "Benihana of Tokyo, Inc." The existence of the International Registration alone, without any additional facts, is not enough to establish that Benihana falsely claimed to be acting on behalf of BOT.

For the reasons discussed herein, Exhibits 4, 6 and 7 should be considered by this Court in deciding Benihana's Motion to Dismiss because each consists of materials that are of public record.

### 4. The Statement of Facts Are Not In Dispute

BOT objects to Benihana's Statement of Facts because it fails to cite to BOT's Amended Complaint. (D.I. 16, p. 14). However, BOT concedes that the Statement of Facts incorporates and makes reference to Exhibits 1 and 5 – exhibits which BOT admits to relying on in its Amended Complaint. (D.I. 16, p. 11 n.4). Notably, BOT does not dispute the remaining facts delineated in the Statement of Facts and could not. The information contained in the Statement of Facts is summarized from publicly available and accessible articles, press releases, and corporate documents.

Accordingly, this Court should consider Benihana's Statement of Facts in deciding Benihana's Motion to Dismiss because the factual allegations contained therein are facts taken from the public record.

### CONCLUSION

Regardless of its attempt to delay the inevitable, BOT cannot escape the simple fact that it has failed to allege a set of facts entitling it to any relief. In fact, there is no set of facts which

---

(D.I. 12, p. 14), during the process of filing a Madrid Protocol application to register BENIHANA, on the basis of U.S. Registration No. 1230609, all of the information from the U.S. registration was automatically transferred, without an opportunity to edit the identity of the owner.

could be proved to entitle BOT to relief. For this reason, BOT's Amended Complaint should be dismissed.

For the foregoing reasons, this Court may treat Benihana's Motion to Dismiss as a motion to dismiss pursuant to Rule 12(b)(6). In deciding Benihana's Motion to Dismiss, the Court may also consider the Subject Exhibits and Statement of Facts, since they are not "matters outside of the pleading" and fall within one of the enumerated exceptions to Rule 12(b)(6).

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)
whetzel@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorney for Defendants*

Of Counsel:
Janet Moreira Gamble (#0597090)
Alan H. Fein (#288349)
STEARNS WEAVER MILLER WEISLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200

March 7, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

David M. Powlen, Esquire
David.powlen@btlaw.com
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801

                                                    Todd A. Coomes, Esquire (#4694)