## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENIHANA OF TOKYO, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | C.A. No. 10-1051 SLR |
| BENIHANA, INC. | ) | |
| and | ) | |
| NOODLE TIME, INC., | ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SUBSTITUTE

Of Counsel:

Janet Moreira Gamble (#0597090)
Alan H. Fein (#288349)
STEARNS WEAVER MILLER WEISLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200


Dated: March 7, 2011

Robert W. Whetzel (#2288)
Whetzel@rlf.com
Todd A. Coomes (#4694)
coomes@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorney for Defendants*

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
   998 F.2d 1192 (3d Cir. 1993)..................................................................................... 5

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................................ 6

Fed. R. Evid. 901 ........................................................................................................... 5

**OTHER AUTHORITIES**

Wright & Miller, *Federal Practice & Procedure: Civil 2d,* § 1327 ............................... 5

ii

## NATURE AND STAGE OF PROCEEDINGS

On March 7, 2011, Benihana filed a Motion to Substitute Exhibit 2 along with a supporting Declaration (D.I. 17 and D.I. 18) (collectively "Motion to Substitute").

On March 24, 2011, BOT filed its Opposition to Benihana's Motion to Substitute Exhibit 2 (D.I. 21) ("Opposition") and Benihana submits this Reply in Support of its Motion to Substitute.

## SUMMARY OF ARGUMENT

BOT's Opposition only further highlights the meritless nature of this lawsuit. In its own Amended Complaint, BOT alleges the existence of a purported "Assignment of Trademarks," dated May 15, 1995, signed by Taka Yoshimoto, and recorded with the United States Patent and Trademark Office on or about June 21, 1995. (D.I. 16, p. 2). Yet, BOT objects to the filing of this precise document on the invented, unsubstantiated basis that the document is not authentic.

BOT argues that the Motion to Substitute should be denied because Benihana has failed to provide a justification for not submitting the executed document at the time of filing its Motion to Dismiss. However, the Declaration filed in support of the Motion to Substitute (D.I.18) states that this document was requested directly from the United States Patent and Trademark Office. Nonetheless, BOT fails to allege any prejudice caused by the short delay in submitting Substitute Exhibit 2.

Instead, BOT claims that it already briefed the "defect in authenticity" of Exhibit 2 to the Motion to Dismiss in its Motion to Exclude. (D.I. 21, p. 1). The only objection BOT makes to Exhibit 2 in it Motion to Exclude is that the document is "unexecuted." (D.I. 16, p. 10). Until the Opposition, and despite ample opportunity since initially filing the Amended Complaint (not to mention, the last 16 years), BOT has not argued that even the executed, recorded Assignment referenced in the Amended Complaint would be objectionable as not "authentic."

1

## INTRODUCTION

The claims set forth in BOT's Amended Complaint arise out of the allegation that Benihana initiated an application with the World Intellectual Property Organization ("WIPO") for the international registration of the BENIHANA Trademark, Registration No. 1048205. (D.I. 6, ¶¶ 15-17). As explained in Benihana's Motion to Dismiss (D.I. 12) and Answering Brief to BOT's Motion to Exclude (D.I. 19), the registration was inadvertently issued in the name of "Noodle Time, Inc. (Benihana of Tokyo, Inc.)."

Despite its objection to the introduction of Substitute Exhibit 2, BOT's own statement of facts states that BOT's claims arose from Benihana's conduct in violation of the terms of a *"series of agreements."* (D.I. 21, p. 2)  The only agreements referenced in the entire Amended Complaint are (i) the Amended and Restated Agreement and Plan of Reorganization (the "ARA") (D.I. 6, ¶ 8) and (ii) the Assignment of Trademarks, dated May 15, 1995, signed by Taka Yoshimoto (the "1995 Assignment") (D.I. 6, ¶ 22).  While BOT has conceded to this Court's consideration of the ARA (D.I. 16, p. 1, n.1), BOT has devised a superficial reason to oppose Substitute Exhibit 2 in a last ditch effort to prevent this Court from viewing a document that BOT placed at issue in the first place.

Substitute Exhibit 2 is, as BOT's Amended Complaint alleges, titled an "Assignment of Trademarks." (D.I. 6, ¶ 22). It is dated May 15, 1995. *Id.*  It is signed by Taka Yoshimoto, who was identified as an Executive Vice President of BOT, and was recorded with the United States Patent and Trademark Office ("USPTO") on June 21, 1995. *Id., D.I. 18, ¶ 4.  Consequently, this Court should grant Benihana's Motion to Substitute and consider Substitute Exhibit 2 as part of Benihana's Motion to Dismiss.

2

## ARGUMENT

1.    **The Court Should GRANT Benihana's Motion to Substitute Since BOT Has Not Suffered Any Prejudice from the Delay in Filing the Assignment**

BOT has not claimed any prejudice from Benihana's request to substitute, nor can they. On February 18, 2011, Benihana received BOT's initial objection to Substitute Exhibit 2, i.e. that the document was "unexecuted." (D.I. 16, p. 10). In order to obtain the executed Assignment, as recorded with the USPTO, and in an attempt to deflect any further dilatory tactics from BOT, Benihana formally requested the Assignment document directly from the USPTO. (D.I. 18, ¶ 4) In only 17 days from BOT's initial objection, Benihana requested a copy of the Assignment from the USPTO, received it, provided a copy of the Assignment to BOT for review and consent, and ultimately, filed its Motion to Substitute Exhibit 2 seeking this Court's substitution of Exhibit 2 attached to the Declaration of Janet Moreira Gamble, (D.I. 13), with Substitute Exhibit 2, an executed, recorded copy of the Assignment.

Inexplicably, and despite Benihana's expeditious handling of this issue, BOT aims arguments in its Opposition at Benihana which are equally applicable to BOT. BOT claims that Substitute Exhibit 2 was available to Benihana at the time of filing its Motion to Dismiss. Even if that were true, and it is not, BOT had access to the Assignment, subject of Substitute Exhibit 2, and/or was acutely aware of its contents at the time of filing its Amended Complaint. (D.I. 6, ¶ 22). BOT knew who executed the document on behalf of BOT, the effective date of the Assignment, and the date the Assignment was recorded with the USPTO prior to filing the Amended Complaint. (D.I. 6, ¶ 22). Despite this access and specific knowledge, BOT failed to attach the Assignment (or any other referenced document) to the Amended Complaint, requiring Benihana to gather the integral, referenced, and/or public record documents referenced in the

3

Amended Complaint (see D.I. 11-13) so that this Court could decide Benihana's Motion to Dismiss with all of the relevant information before it.

Regardless of how Substitute Exhibit 2 was presented to the Court, BOT should have expected and was on notice that the Assignment could be considered as part of any responsive motion or pleading to the Amended Complaint since BOT, itself, injected the issue of the Assignment into the Amended Complaint.

There is no substantive change to the pleadings or outstanding motions as a consequence of replacing Exhibit 2 with Substitute Exhibit 2. BOT has not alleged any undue delay, bad faith or dilatory motive. Notably, BOT has also not alleged any prejudice or harm resulting from the slight delay in submitting the executed and recorded Assignment. Absent a showing of prejudice, there is no reason why this Court should not grant Benihana's Motion to Substitute and consider Substitute Exhibit 2 as part of Benihana's Motion to Dismiss.

2.     **The Court Should Consider Substitute Exhibit 2 Because It Is an Indisputably Authentic Document Referenced in the Complaint**

Federal Rule of Evidence 901 provides that a document meets the authentication requirement if there is sufficient evidence to support a finding that the matter in question is what its proponent claims.

The authenticity of Substitute Exhibit 2 cannot and has not reasonably been called into question.[1] Conjecture and unsupported theories are not enough to show that Substitute Exhibit 2 is not an authentic Assignment. The relevant issue before this Court is whether Substitute Exhibit 2 is an "undisputedly authentic document that [Benihana] attache[d] as an exhibit to a motion to dismiss" which would allow this Court to consider it in deciding Benihana's Motion to

---

[1] Federal Rule of Evidence 901 provides that a document meets the authentication requirement if there is sufficient evidence to support a finding that the matter in question is what its proponent claims.

Dismiss.[2]  It is not necessary, at this stage of the litigation, for the Court to consider the circumstances under which the document was signed.  As discussed in greater detail below, since the authenticity of the document is undisputed, the Court can independently examine the Assignment and form its own conclusions as to the proper construction and meaning to be given the material.[3]

BOT, in its predictable self-serving manner, attempts to argue that the Assignment is in dispute simply to preclude this Court from viewing it without any valid or reasonable basis.  This Court may consider an undisputedly authentic document attached to Benihana's Motion to Dismiss if BOT's claimed are based on the document.  There is no dispute that BOT's claims are based on the Assignment and/or that the Assignment is integral to BOT's claims.  (D.I. 6, ¶ 22).

BOT submits the Declaration of Taka Yoshimoto (D.I. 21-1) in support of its Opposition, allegedly detailing its sudden "serious concerns" as to the circumstances under which Substitute Exhibit 2 was created some 16 years ago.  (D.I. 21, p. 7)  If BOT is now complaining that the circumstances surrounding the execution of the Assignment calls into question the purpose and effect of the documents, that question is only relevant if the issue of the validity of the Assignment is tried.

For purposes of Benihana's Motion to Dismiss, the Court can consider Substitute Exhibit 2, because there is no dispute that Mr. Yoshimoto's signature is authentic.  (D.I. 21-1, ¶ 14).  Indeed, Mr. Yoshimoto concedes that the signature on Substitute Exhibit 2 is his authentic signature.  (D.I. 21-1, ¶ 14).  In addition, the Declaration in support of the Motion to Substitute (D.I. 18) states that Substitute Exhibit was requested and received by the USPTO while the

---

[2] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[3] Wright & Miller, *Federal Practice & Procedure: Civil 2d*, § 1327.

document itself has a marking showing it was recorded on Reel 1358, Frame 0750-0757 of the USPTO's records. *Id.*

Mr. Yoshimoto does not make any allegations suggesting he signed the Assignment under conditions of fraud, duress, or undue influence. (D.I. 21-1). Mr. Yoshimoto does not claim that he did not have the authority to sign the Assignment. *Id.* Mr. Yoshimoto does not claim that he was not Executive Vice President for BOT at the time he executed the Assignment. *Id.* Mr. Yoshimoto does not allege that as Executive Vice President, he was not charged with executing agreements on behalf of BOT. *Id.* Mr. Yoshimoto does not dispute the contents or accuracy of the Assignment. *Id.* Mr. Yoshimoto does not contest the intention, purpose, or meaning of the terms of the Assignment. *Id.* Mr. Yoshimoto does not allege that the terms of the Assignment are unconscionable. *Id.*[4]

Substitute Exhibit 2 is an authentic document and BOT has failed to demonstrate otherwise.

## CONCLUSION

For the foregoing reasons, this Court respectfully requests that this Court grant Benihana's Motion to Substitute and consider Substitute Exhibit 2 in deciding Benihana's pending Motion to Dismiss.

---

[4] If BOT is suggesting the Assignment is fraudulent, BOT has not alleged such a claim in the Amended Complaint and is barred from doing so 16 years later. Moreover, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

6

Robert W. Whetzel (#2288)
Whetzel@rlf.com
Of Counsel:                                  Todd A. Coomes (#4694)
Janet Moreira Gamble (#0597090)              coomes@rlf.com
Alan H. Fein (#288349)                       Laura D. Hatcher (#5098)
STEARNS   WEAVER   MILLER   WEISLER          hatcher@rlf.com
ALHADEFF & SITTERSON, P.A.                   RICHARDS, LAYTON & FINGER, P.A.
Suite 2200, Museum Tower                     One Rodney Square
150 West Flagler Street                      P.O. Box 551
Miami, Florida  33130                        Wilmington, Delaware 19899
(305) 789-3200                               (302) 651-7700
                                             *Attorney for Defendants*

Dated:  April 4, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and which has also been served as noted:

**VIA E-MAIL**

David M. Powlen, Esquire
David.powlen@btlaw.com
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801

*/s/Laura D. Hatcher*
Laura D. Hatcher (#5098)
hatcher@rlf.com