IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENIHANA OF TOKYO INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-1051-SLR |
| | ) |
| BENIHANA INC. and | ) |
| NOODLE TIME, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this $\sqrt{1^{st}}$ day of September, 2011, having considered plaintiff

Benihana of Tokyo's ("plaintiff") motion to strike/exclude and for extension of time, as

well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 15) is granted in part and denied in part,

as follows:

1. **Introduction.** Plaintiff filed the present litigation on December 3, 2010,

seeking damages and an injunction for Noodle Time, Inc. and Benihana Inc.'s

("defendants") alleged breach of contract and infringement of the "Benihana" and

"Benihana of Tokyo" ("BOT") trademarks (collectively, the "trademarks in suit"). (D.I. 1)

Defendants filed a motion to dismiss for failure to state a claim on February 4, 2011 (D.I.

11) and, in lieu of a responsive brief, plaintiff filed the pending motion to strike/exclude.

(D.I. 15) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and

1338(a).

2. **Background.**  On December 29, 1994, plaintiff and defendants entered into a contract entitled "Amended and Restated Agreement and Plan of Reorganization" (the "ARA").  (D.I. 1 at ¶ 8)  The ARA set forth terms and conditions of the business relationship between the parties, and granted defendants certain rights with respect to the trademarks in suit.  Defendants were granted the right to use the trademarks in suit within defined territories.  Said territories were limited to:  the United States, Central America, South America and the islands of the Carribean Sea.  (*Id.* at ¶ 10)  Under the ARA, plaintiff retained the exclusive right to use and register the trademarks in suit outside of the defined territories.  (*Id.* at ¶ 14)

3.  Plaintiff filed suit on December 3, 2010, seeking damages and an injunction for defendants' alleged breach of contract and infringement of the Benihana trademark by filing an application for international registration of the mark with the World Intellectual Property Organization and falsely representing themselves as Benihana of Tokyo, Inc.  (*Id.* at ¶¶ 15, 39-50)  On February 4, 2011, defendants filed a motion to dismiss for failure to state a claim.  (D.I. 11)  Included with the motion are various exhibits.  In lieu of a responsive brief, plaintiff filed a motion to strike/exclude exhibits 2, 3, 4, 6 and 7 of defendants' motion to dismiss, as well as the statement of facts presented in defendants' brief in support of their motion.  (D.I. 15)

4. **Legal standard.**  In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A

2

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

5. "In reviewing a motion to dismiss, '[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Collins & Aikman Corp. v. Stockman*, Civ. No. 07-265-SLR-LPS, 2010 WL 184074 at *3 (D. Del. Jan. 19, 2010) (*quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "Certain additional materials may also be considered without converting a motion to dismiss into a motion for summary judgment (which generally cannot be ruled upon without providing a plaintiff a reasonable opportunity for discovery)." *Id.* "For instance, 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to

3

dismiss if the plaintiff's claims are based on the document. . . .'" *Id.* (citations omitted).

As the Third Circuit has explained:

> The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

*Pension Benefit*, 998 F.2d at 1196-97. "The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) (citations omitted).

6. **Discussion.** Exhibit 2 is an unexecuted "Assignment of Trademarks" between plaintiff and defendants that is also the subject of defendants' motion to substitute. (D.I. 17) Specifically, defendants request that the court allow them to substitute an executed copy of the Assignment of Trademarks for the unexecuted copy that is currently of record. (*Id.*) Substitution would alleviate many of plaintiff's concerns with the document, as plaintiff argues that their "Amended Complaint does not refer or rely upon an **unexecuted** copy of a trademark assignment." (D.I. 16 at 10) (emphasis added) The executed copy is undeniably referenced to and relied on in the complaint and is properly included as an exhibit to a motion to dismiss. Therefore, defendants' motion to substitute exhibit 2 is granted, and plaintiff's motion to strike is denied.[1]

---

[1] Plaintiff argues that discovery is necessary to determine if the executed Assignment of Trademarks is genuine. The court is unpersuaded as the assignment was recorded in the United States Patent and Trademark Office ("USPTO'"), thereby

4

7. Exhibit 3 is a "Request for the Recording of a Renunciation" of the registration of the Benihana trademark with the WIPO. Plaintiff argues that the complaint makes no reference to the request and that it has nothing to do with any issue referenced in the complaint. The court is not persuaded. The request is a public document that directly addresses the heart of plaintiff's complaint: defendants' breach of contract and trademark infringement by registering the trademark outside of the defined territories. If defendants truly renounced the registration and did not use the mark outside of the territories, plaintiff has no cause of action. Therefore, exhibit 3 is properly included as an exhibit to defendants' motion to dismiss.

8. Exhibit 4 is a copy of the BOT trademark's registration on the principal register of the USPTO, as well as a trademark query detailing the assignment of the mark from plaintiff to defendants. It is a public record, and is relevant to plaintiff's false designation of origin claim, as it may be impossible to state a cause of action for false designation of origin stemming from a foreign use of a mark if defendants are the assignees to rights in the United States.[2] Cases that deal with a plaintiff suing for a strictly foreign use of a mark make no mention of a defendant having rights to the mark in the United States. *Steele v. Bulova Watch Co., Inc.*, 344 U.S. 280, 285 (1952); *Nintendo of Am. Inc, v. Aeropower Co., Ltd.*, 34 F.3d 246, 250 (4th Cir. 1994); *Cottonwood Fin. Ltd. v. Cash Store Fin. Servs, Inc.*, Civ. No. 10-1650, - F. Supp. 2d -, 2011 WL 1342937, at *5 n.6

_____

rendering it a public document and, because it is referenced in the complaint, plaintiff undoubtably has a copy of the original. (D.I. 21 at 4)

[2] The assignment shows that defendants are the assignees of the mark in the United States.

(N.D. Tex. March 31, 2011); *TNT USA v. TrafiExpress, S.A. de C.V.*, 434 F. Supp. 2d 1332, 1330-31 (S.D. Fla 2006). Therefore, exhibit 4 is properly included as an exhibit to defendants' motion to dismiss.

      9. Exhibit 6 is a copy of the USPTO's assignment records for the Benihana trademark. It is a public document, and includes an assignment from plaintiff to defendants, and assignments from one defendant to another. Included is a printout from the USPTO identifying the last known owner as "Noodle Time, Inc. (Benihana of Tokyo)." The significance of this printout is that it shows that the "Benihana of Tokyo" reference next to Noodle Time's business name is an error on the part of the USPTO and not the result of an intentional action by defendants. This is illustrated by the assignment history where, in 1998, "Benihana National Corp." assigned its rights to the Benihana trademark to "Noodle Time, Inc.," not "Noodle Time, Inc. (Benihana of Tokyo)." This is relevant to plaintiff's false designation of origin claim as it illustrates that defendants were not purporting to be Benihana of Tokyo. However, exhibit 6 does not have any bearing on the sufficiency of plaintiff's pleading, and would serve useful only in a situation where the court converted defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Until the court has received full briefing on the motion, it declines to strike exhibit 6's admission. In the event that the court does not convert the motion to a motion for summary judgment, exhibit 6 will be ignored.

      10. Exhibit 7 is a corrective assignment correcting the name of the assignee to Noodle Time, Inc. It is offered for substantially the same reasons as exhibit 6. Like

exhibit 6, it does not have any bearing on the sufficiency of plaintiff's pleading, and would serve useful only in a situation where the court converted defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Until the court has received full briefing on the motion, it declines to strike exhibit 7's admission. In the event that the court does not convert the motion to a motion for summary judgement, exhibit 7 will be ignored.

11. In support of its motion to strike, plaintiff argues that defendants' statement of facts is extraneous to plaintiff's complaint and has no bearing on its sufficiency. (D.I. 16 at 11) The court disagrees. Defendants' statement of facts provides a background for plaintiff's complaint and enumerates some facts that are potentially germane to the motion to dismiss itself. If defendants choose to use their allotted page limitation in such a manner, so be it. The court will use those facts that are relevant and ignore those facts that are not.

12. Plaintiff also requests a 14-day extension of time to respond to defendants' motion to dismiss. As defendants would not be prejudiced by such an extension, plaintiff's motion is granted.

13. **Conclusion.** For the foregoing reasons, the court denies plaintiff's motion to strike, grants plaintiff's motion for extension of time (D.I. 15), and grants defendants' motion to substitute. (D.I. 17) Plaintiff's answering brief to the motion to dismiss is due on or before September 15, 2011.

United States District Judge

7