# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENIHANA OF TOKYO, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 10-1051 SLR |
| | ) | |
| BENIHANA, INC. | ) | |
| and | ) | |
| NOODLE TIME, INC., | ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

OF COUNSEL:

Janet Moreira Gamble (#0597090)
Alan H. Fein (#288349)
STEARNS WEAVER MILLER WEISLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200

Robert W. Whetzel (#2288)
Whetzel@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorney for Defendants*

Dated: October 11, 2011

RLF1 5452751v. 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ...................................................................................................... 1

I.     Count I, For Breach of Contract, Should Be Dismissed. ......................... 1

II.    Count II, For Specific Performance, Should Be Dismissed. ..................... 2

III.   Count III, For Conversion, Should Be Dismissed. ................................... 3

IV.    Count IV, For False Designation of Origin/False Advertising, Should Be Dismissed ....... 5

V.     Count V, For Infringement in Singapore and Vietnam, Should Be Dismissed. ............... 8

VI.    Count VI, For Declaratory Judgment, Should Be Dismissed. ................. 10

CONCLUSION ................................................................................................. 10

i

# TABLE OF AUTHORITIES

## CASES

*A.V. By Versace, Inc. v. Gianni Versace S.p.A.*,
  126 F. Supp. 2d 328 (S.D.N.Y. 2001) ................................................................. 5

*Alesayi Beverage Corp. v. Canada Dry Corp.*,
  797 F. Supp. 320 (S.D.N.Y. 1992) ..................................................................... 6

*Bavarian Nordic A/S v. Acambis, Inc.*,
  486 F. Supp. 2d 354 (D. Del. 2007) ................................................................... 4

*Callaway Golf Co. v. Dunlap Slazenger Group Americas, Inc.*,
  295 F. Supp. 2d 430 (D. Del. 2003) ................................................................... 3

*Chemical Corporation of America v. Anheuser-Busch, Incorporated*,
  306 F.2d 433 (5th Cir. 1962) ............................................................................. 8

*Fin. Matters, Inc. v. Pepsico, Inc.*,
  No. 92-CIV-7497, 1993 WL 378844, (S.D.N.Y. Sept. 24, 1993) ....................... 4

*Ironforge.com v. Paychex, Inc.*,
  747 F. Supp. 2d 384 (W.D.N.Y. 2010) ............................................................... 5

*Kremen v. Cohen*,
  337 F.3d 1024 (9th Cir. 2003) ........................................................................... 4

*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*,
  495 F.2d 1265 (2d Cir. 1974) .......................................................................... 10

*Liebowitz v. Maxwell*,
  No. 91-CIV-4551, 1994 WL 517456, (S.D.N.Y. Sept. 21, 1994) ...................... 4

*Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. Sarl*,
  No. 10-12257, 2011 WL 1454067, (E.D. Mich. Apr. 13, 2011) ........................ 6

*Metro-Goldwyn Mayer, Inc. v. 007 Safety Products, Inc.*,
  183 F.3d 10 (1st Cir. 1999) ............................................................................... 9

*Pa. Employee Benefit Trust Fund v. Zeneca, Inc.*,
  710 F. Supp. 2d 458 (D. Del. 2010) ................................................................... 3

*Parkway Baking Company v. Freihofer Baking Company*,
  255 F.2d 641 (3d Cir. 1958) ............................................................................. 9

*Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.*,
  702 F. Supp. 2d 238 (D. Del. 2010) ................................................................... 7

RLF1 5452751v. 1

*Starter Corp. v. Converse, Inc.*,
    84 F.3d 592 (2d Cir. 1996) ................................................................................ 10

*Thyroff v. Nationwide Mutual Insurance Company*,
    864 N.E.2d 1272 (N.Y. 2007) ............................................................................ 4

*Vanity Fair Mills, Inc. v. T. Eaton Co.*,
    234 F.2d 633 (2d Cir. 1956) .............................................................................. 8

*W.B. David & Co., Inc. v. DWA Commc'ns, Inc.*,
    No. 02-CIV-8479, 2004 WL 369147, (S.D.N.Y. Feb. 26, 2004) ............................ 5

## STATUTES

15 U.S.C. § 1127 ............................................................................................ 2, 7

15 U.S.C. §1125(a)(1)(B) ................................................................................. 9

## OTHER AUTHORITIES

Edward J. Fennessey, *Trademarks Throughout the World* §§ 144:21 (2010) ................ 8

Restatement (Second) of Conflicts § 145 ................................................................ 3

RLF1 5452751v. 1

## PRELIMINARY STATEMENT

Plaintiff's responsive brief attempts to distract the Court from the simple issues before it on Benihana, Inc.'s and Noodle Time, Inc.'s (collectively, "Benihana") Motion to Dismiss the Amended Complaint.  Rather than focusing on the Amended Complaint it must defend, Plaintiff spends pages of its brief discussing other cases and other facts not pled in the Amended Complaint.  The case Plaintiff has actually pled should be dismissed.

Plaintiff originally attempted to keep this Court from reviewing Benihana's public renunciation documents that compel dismissal.  As this Court aptly noted in its September 1, 2011 Order, "*[i]f defendants truly renounced the registration and did not use the mark outside of the territories, plaintiff has no cause of action.*"  D.I. 25 ¶ 7 (emphasis added).   Nothing in Plaintiff's response alters (or could alter) the inescapable conclusions that the marks at issue have been renounced, that the mark was not used by Benihana, and that the Amended Complaint should be dismissed as a matter of law.

## ARGUMENT

**I.    Count I, For Breach of Contract, Should Be Dismissed.**

Plaintiff offers nothing to overcome the Amended Complaint's failure to plead facts (rather than conclusion and labels) demonstrating that Benihana "breached the ARA by *using* the BENIHANA Trademark and claiming ownership thereof in geographic territories reserved exclusively to BOT, including Iceland, Iran, Monaco, Singapore, Ukraine, Vietnam and Zambia [the "Disputed Countries"]."  D.I. 6 ¶ 29 (emphasis added).

Instead, Plaintiff devotes over two pages of discussion (and references nearly 100 pages of exhibits) about its ownership interest in the BENIHANA Trademark in the Disputed Countries.  *See* D.I. 26 pp. 11-13.  But ownership is not the key issue here – "use" is.  And

1

Plaintiff's predictable assertion that Benihana breached the agreement because it initiated applications for international registration (D.I. 6 ¶ 15) is simply wrong as a matter of law. *See* D.I. 12 p. 9. The mere filing of an application for registration is not "use" of the mark in the Disputed Countries. *See* Lanham Act, 15 U.S.C. § 1127. Furthermore, the applications on which Plaintiff brings its claim have been renounced, so there is no basis for Plaintiff's claim. *See* D.I. 13-3; D.I. 13-6. As the Court has correctly noted, "[i]f defendants truly renounced the registration and did not use the mark outside of the territories, plaintiff has no cause of action." D.I. 25 ¶ 7. That is precisely what occurred here.

Even assuming Plaintiff had pled facts establishing that Benihana "used" the BENIHANA Trademark in the Disputed Countries, Plaintiff still cannot plead a breach of section 7.10 of the ARA, since Plaintiff has not alleged facts establishing that the "use" was "reasonably [] expected to reduce the value or usefulness of the Trademarks to the other party." D.I. 6 ¶ 30. Unburdened by the confines of its own pleading, Plaintiff now asserts that if Benihana's alleged "use" increased the value of the trademark, then Benihana's renunciation decreased the trademark's value, thereby creating a viable breach of contract claim. *See* D.I. 26 pp. 11-12. Putting aside the fact that Plaintiff's newly-minted argument defies common sense, Plaintiff pleads no facts to show (and, in its response, fails to explain) how Benihana's (or anyone else's) lack of "use" of the BENIHANA Trademark negatively affects the value of the trademark. Plaintiff's new, unpled contortion fails to support a cause of action.

## II.     Count II, For Specific Performance, Should Be Dismissed.

Plaintiff's claim for specific performance is premised on its breach of contract claim, and should be dismissed on the same grounds. Moreover, Plaintiff's requested relief – "requiring Defendants to assign and return to BOT the trademark rights" in the Disputed Countries (D.I. 6 ¶

2

35) – is mooted by Benihana's renunciation of its application in the Disputed Countries. *See* D.I. 12 p. 10. Needless to say, Benihana cannot assign "rights" to Plaintiff that it does not have.

Failing to come to grips with the fact that Benihana's renunciation moots its claim, Plaintiff argues that the Court should, nevertheless, order Benihana to reinstate its *already renounced* applications, and then have Benihana assign those purported "wrongful" applications back to Plaintiff to avoid a "frustration of justice." D.I. 26 p. 15. Even if Plaintiff had pled for this relief (it has not), the result would be exactly the same as if the Court were to do nothing at all – Plaintiff would have the ability to file its applications for trademark rights in the Disputed Countries, just as it does today. The only way a "frustration of justice" would occur is if Benihana was forced to jump through hoops to "remedy" causes of action that the Court has already noted do not exist.

## III.    Count III, For Conversion, Should Be Dismissed.

Plaintiff is mistaken in its conclusion that Delaware law governs, simply because "this case was brought in Delaware." D.I. 26 p. 15. The Delaware filing merely means Delaware choice of law rules apply. *See Pa. Employee Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D. Del. 2010). As to a conversion claim, Delaware courts follow the "most significant relationship" test set forth in the Restatement (Second) of Conflicts § 145. *Callaway Golf Co. v. Dunlap Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 434 (D. Del. 2003). New York clearly has the most significant relationship to this case. Plaintiff is a New York corporation with its principal place of business in New York that, allegedly, was injured in New York in relation to a trademark governed by an agreement negotiated and entered into in New York and controlled by New York law.[1]

---

[1] *See Callaway Golf Co.*, 295 F. Supp. 2d at 434 ("[B]ecause all of the alleged acts by Callaway took place in California, the court will apply California law to Dunlop's conversion

3

Plaintiff fares no better on the substance of its claim.  Plaintiff argues that "New York's highest court has extended the cause of action for conversion to intangible property."  D.I. 26 pp. 15-16.  But Plaintiff relies primarily on *Thyroff v. Nationwide Mutual Insurance Company*, 864 N.E.2d 1272, 1278 (N.Y. 2007), in which the New York Court of Appeals expanded the tort of conversion *only* to "electronic records ... stored on a computer [that] were indistinguishable from printed documents."  Confirming the narrow reach of its holding, the Court explained, "we do not consider whether any of the myriad of other forms of virtual information should be protected by the tort."  *Id.*[2]

Plaintiff cannot provide the Court with *any* cases expanding the reach of a New York conversion claim to trademarks – no such claim exists under New York law.  *See, e.g., Fin. Matters, Inc. v. Pepsico, Inc.*, No. 92-CIV-7497, 1993 WL 378844, at *4 (S.D.N.Y. Sept. 24, 1993) (dismissing conversion of trademark claim – "A trademark is not tangible personal property, but rather is intangible intellectual property having no existence apart from the good will of the product or service it symbolizes.  No claim exists for conversion of intangible property.").  Accordingly, Plaintiff's conversion claim must be dismissed.  *See, e.g., Liebowitz v. Maxwell*, No. 91-CIV-4551, 1994 WL 517456, at *2-3 (S.D.N.Y. Sept. 21, 1994) (dismissing conversion claim – "conversion of trademarks has not been recognized in [] New York . . . .").

Plaintiff also fails to address Benihana's argument that dismissal of the conversion claim is required because the claim does not identify any conduct or relief distinct from the underlying breach of contract and specific performance claims.  *See* D.I. 12 p. 11; D.I. 6 ¶¶ 28-38.  New

claim."); *Bavarian Nordic A/S v. Acambis Inc.*, 486 F. Supp. 2d 354, 362 (D. Del. 2007) ("Because [the parties] are located in Maryland, and the NIH's activities took place in Maryland, Maryland has the most significant relationship to the instant dispute.").

[2] Oddly, Plaintiff also cites *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), in which the Ninth Circuit analyzed a conversion claim brought under *California* (not New York) law.

4

York law does not recognize a claim for conversion predicated on a duplicative breach of contract claim. *See Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 398 (W.D.N.Y. 2010); *W.B. David & Co., Inc. v. DWA Commc'ns, Inc.*, No. 02-CIV-8479, 2004 WL 369147, at *6 (S.D.N.Y. Feb. 26, 2004) (dismissing conversion claim as duplicative of breach of contract claim).

## IV.    Count IV, For False Designation of Origin/False Advertising, Should Be Dismissed.

In its September 1, 2011 Order, the Court noted:

> [I]t may be impossible to state a cause of action for false designation of origin stemming from a foreign use of a mark if defendants are the assignees to rights in the United States. Cases that deal with a plaintiff suing for a strictly foreign use of a mark make no mention of a defendant having rights to the mark in the United States.

D.I. 25 ¶ 8. Failing to directly address this critical point, Plaintiff argues in its response that "the allegations of the Amended Complaint are squarely within the scope of the statute" and that "[i]t matters not that BI owns a U.S. Trademark registration for BENIHANA OF TOKYO." D.I. 26 pp. 17-18. Plaintiff could not be more mistaken on this issue, which is fatal to Plaintiff's Lanham Act claims.

The underlying purpose of the Lanham Act is "to protect American customers from confusion and to protect holders of *American trademarks* against misappropriation of their marks." *A.V. By Versace, Inc. v. Gianni Versace S.p.A.*, 126 F. Supp. 2d 328, 339 (S.D.N.Y. 2001) (emphasis added). Thus, a cause of action under the Lanham Act for allegedly infringing conduct occurring outside the United States exists *only* "when necessary to prevent harm to United States commerce." *Id.* at 336.

Here, the allegations in the Amended Complaint solely involve conduct abroad – Benihana's alleged false designation of ownership of the BENIHANA Trademark in the Disputed Countries, and false advertising of its right to operate Benihana restaurants in Mexico.

5

*See* D.I. 6 ¶¶ 40-48. Plaintiff does not allege *any* harm to United States commerce from Benihana's alleged strictly foreign use of the BENIHANA Trademark. Indeed, no harm could have occurred to Plaintiff in the United States, because *Benihana*, not Plaintiff, owns the BENIHANA Trademark rights in the United States. *See* D.I. 6, ¶¶ 7, 22; D.I. 13-2; D.I. 13-4.

Plaintiff's Lanham Act claims should therefore be dismissed. *See, e.g., Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. Sarl*, No. 10-12257, 2011 WL 1454067, at *6 (E.D. Mich. Apr. 13, 2011) ("Plaintiffs' Lanham Act claims fail as a matter of law," because "[t]here is no indication that [Defendant's] alleged conduct had a substantial effect in the United States . . . ."); *Alesayi Beverage Corp. v. Canada Dry Corp.*, 797 F. Supp. 320, 322 (S.D.N.Y. 1992) (dismissing Lanham Act claims – "To hear such []claims, based entirely on conduct abroad without any specific allegation of actual impact on United States commerce, would entail misapplication of the statutes involved . . . .").[3]

Even if the Court were to consider Plaintiff's claims within the Lanham Act, the allegations still fail to state a cause of action. As the Court recognized, Plaintiff's claims are based on nothing more than "an error on the part of the USPTO and not the result of an intentional action by defendants [which] is relevant to plaintiff's false designation of origin claim as it illustrates that defendants were not purporting to be Benihana of Tokyo." D.I. 25 ¶ 9. *See*

---

[3] The reason the cases cited by the Court likely do not mention the defendant having rights in the United States is because, if the defendant did, the Lanham Act claim would not be protecting the holder of the *American* trademark against misappropriation of the mark and would be protecting strictly foreign use of a mark that does not affect U.S. commerce, in direct contravention of the Lanham Act. That is precisely what Plaintiff asks the Court to do here.

*also* D.I. 12 p. 14; D.I. 13-1; D.I. 13-2; D.I. 13-5 through 13-7.   It would be a waste of the Court's time and resources to allow Plaintiff to proceed on its meritless claim.[4]

Plaintiff's false advertising claim is deficient on other grounds as well.   It is premised entirely on the alleged literal falsity of the purported advertisement[5] that "Benihana has "Locations Throughout the United States Latin America and the Caribbean." D.I. 6 ¶¶ 44-45. This assertion is contradicted by the allegations in, and documents integral to, the Amended Complaint, which establish that Benihana indeed operates in the United States, Latin America, and the Caribbean. *See, e.g.,* D.I. 6 ¶ 7; D.I. 13-1.   Whether Plaintiff *also* operates within these regions has no bearing on whether Benihana operates within these regions.   Thus, Plaintiff's false advertising claim based on "literal falsity" should be dismissed. *See* D.I. 12 p. 15.

While Plaintiff also argues that it has pled a "misleading representation" false advertising claim (D.I. 26 p. 18), there is not a single allegation in the Amended Complaint that Benihana's advertisement was "likely to mislead or confuse customers" – only that the advertising was "a false designation." D.I. 6 ¶ 48.   Thus, Plaintiff's newly-asserted, alternate claim for relief should not be considered by the Court.[6]

## V.    Count V, For Infringement in Singapore and Vietnam, Should Be Dismissed.

Plaintiff's trademark infringement claim, alleging that Benihana violated Singapore and Vietnam law by applying to register the BENIHANA Trademark in Singapore and Vietnam, also fails as a matter of law. Plaintiff's claim arises in Singapore and Vietnam from applications

---

[4] While the Court suggests that Exhibit 6 should not be considered in connection with this motion, as opposed to a motion for summary judgment, the Court need not even consider the document since the Lanham Act is inapplicable as a matter of law.

[5] The alleged false advertisement by Benihana is not specifically referenced in or attached to the Amended Complaint.

[6] Moreover, allowing Plaintiff leave to amend its claim would prove futile, since "a statement concerning trademark rights . . . cannot be the basis for a false advertising claim under 15 U.S.C. §1125(a)(1)(B)." *See Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.,* 702 F. Supp. 2d 238, 247 n.12 (D. Del. 2010), *aff'd,* ___ F.3d ___, 2011 WL 3332604 (3d Cir. Aug. 4, 2011).

allegedly filed in Singapore and Vietnam for trademark rights in Singapore and Vietnam that are governed by the trademark laws of Singapore and Vietnam. *See* D.I. 6 ¶¶ 52-59. Plaintiff suggests that the fact that Benihana owns the marks in the United States is not relevant to its infringement action. *See* D.I. 12 p.19. Plaintiff is incorrect – the absence of any relation to the United States or its commerce is directly related to whether this claim should proceed.

In *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956), an American citizen filed a trademark infringement claim regarding the validity of the defendant's Canadian trademark registration. The Second Circuit held that the district court properly declined to exercise its jurisdiction over the claim, explaining, "we do not think it [is] the province of United States district courts to determine the validity of trade-marks which officials of foreign countries have seen fit to grant. To do so would be to welcome conflicts with the administrative and judicial officers of the Dominion of Canada." *Id.* at 647. Similarly, here, Plaintiff's trademark infringement claim should not be entertained by the Court, particularly given the weakness of Plaintiff's remaining claims.

Moreover, even if this Court were to consider this claim, the result would be the same – dismissal. Benihana's alleged application for registration of the BENIHANA Trademark in Singapore and Vietnam is not a violation of the trademark law of those countries, because the conduct does not constitute *use* of the mark. *See* D.I. 12, pp. 16-17; Edward J. Fennessey, *Trademarks Throughout the World* §§ 144:21, 175:19 (2010). Plaintiff's response – that it is entitled to an injunction even though Benihana has "not yet infringed" – misses the point. D.I. 26 pp. 18-19.[7] Under the trademark laws of Singapore and Vietnam, Benihana's alleged conduct

---

[7] In support of its argument, Plaintiff relies entirely on *Chemical Corporation of America v. Anheuser-Busch, Incorporated*, 306 F.2d 433, 435 (5th Cir. 1962), in which the defendant had

8

could *never* amount to infringement.   This reality is buttressed by Benihana's requested renunciation of its application from the Disputed Countries, including Singapore and Vietnam. *See* D.I. 13-3.  As this Court has already noted, Benihana's renunciation leaves Plaintiff with "no cause of action."  D.I. 25 ¶ 7.

Plaintiff submits that the Court is wrong – that Benihana's renunciation of rights does not moot its claims.  However, the cases cited by Plaintiff invalidate, rather than support, Plaintiff's argument.  In *Metro-Goldwyn Mayer, Inc. v. 007 Safety Products, Inc.*, 183 F.3d 10, 13 (1st Cir. 1999), the district court *denied* entry of an injunction.  It was only after the defendant entered into a settlement agreement in which he specifically agreed to abandon the trademark application, and then breached that settlement agreement, that the district court granted (and the First Circuit affirmed) an injunction for breach of the agreement.  *See id.* at 13, 15.  Likewise, in *Parkway Baking Company v. Freihofer Baking Company*, 255 F.2d 641, 649 (3d Cir. 1958), the Third Circuit held that the district court did not abuse its discretion in *denying* an injunction where the alleged false advertising terminated prior to the rendering of judgment.  As confirmed by Plaintiff's own cases – and common sense – Benihana's renunciation leaves Plaintiff without a cause of action.

## VI.      Count VI, For Declaratory Judgment, Should Be Dismissed.

Though no controversy is defined by its pleadings, Plaintiff argues that there is an "ongoing controversy" because, although Benihana has renounced its applications in the Disputed Countries, it continues to assert the right to file new trademark applications.  D.I. 26, p. 20.  Lack of pleading aside, Plaintiff does not cite any cases which support its argument or

---

already received a trademark registration and in which the "defendant's *use* of the slogan" in advertising created confusion amongst consumers. (Emphasis added).

9

provide a basis for its claim. Moreover, Plaintiff does not respond to any of Benihana's cases establishing that Plaintiff's claim is not ripe for adjudication.

Plaintiff does not, and cannot, allege that Benihana exhibited a "definite intent or apparent ability to commence use" of the BENIHANA Trademark in the Disputed Countries, because Benihana has renounced its applications for registrations in those countries. *See* D.I. 12 p. 18 (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996)). Similarly, in *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265 (2d Cir. 1974), a French perfume manufacturer sought declaratory judgment against an American perfume manufacture regarding ownership rights in a perfume registration for which the defendant had obtained a registration. The Second Circuit rendered plaintiff's claim moot, as defendant's registration had "expired" and "had not been renewed." *Id.* at 1270.[8] Similarly, here, Plaintiff's claim is not ripe for adjudication. The lack of use and renunciation demonstrate that Plaintiff has no cause of action.

## CONCLUSION

For the foregoing reasons and based on the forgoing authorities, Defendants Benihana, Inc. and Noodle Time, Inc. respectfully request that the Court grant Defendants' Motion to Dismiss the Amended Complaint.

---

[8] Almost as an afterthought, Plaintiff reiterates that the Court should declare section 1.01 of the ARA to not include intellectual property. D.I. 26 p. 20. Notwithstanding that this provision is the pled basis for Plaintiff's request for declaratory relief, there is clearly no allegation of a dispute between the parties as to the definition of "Assets" in the ARA. Rather, the Amended Complaint reveals that this lawsuit (and Plaintiff's requested relief) is centered on section 7.10 of the ARA and Benihana's alleged infringement of the BENIHANA Trademark.

OF COUNSEL:

Janet Moreira Gamble (#0597090)
Alan H. Fein (#288349)
STEARNS WEAVER MILLER WEISLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida  33130
(305) 789-3200

Dated:  October 11, 2011

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
Whetzel@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

Attorney for Defendants

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing and which has also been served as noted:

**Via E-Mail**

David M. Powlen
Mark R. Owens
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone (302) 888-4536
Electronic Mail: david.powlen@btlaw.com
Electronic Mail: mark.owens@btlaw.com

James R. Burdett, Esq.
Joseph D. Lewis, Esq.
BARNES & THORNBURG, LLP
750 17th Street, NW, Suite 900
Washington, D.C. 20006
Telephone (202) 289-1313
Facsimile (202)289)-1330
Electronic Mail: jim.burdett@btlaw.com
Electronic Mail: joe.lewis@btlaw.com

/s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
Hatcher@rlf.com

#1238654 v8

12

RLF1 5452751v. 1